18726. ATLANTIC COAST LINE RAILROAD COMPANY *et al. v.* GODARD, Executrix.

ALMAND, Justice. Mrs. J. B. Godard, as executrix of the will of E. A. Baker, Sr., deceased, obtained a verdict and judgment against Atlantic Coast Line Railroad Company and Louisville & Nashville Railroad Company. The defendants' motion for a new trial as amended being overruled, by bill of exceptions they carried the case to the Court of Appeals, assigning error on exceptions pendente lite to rulings on demurrers, and on the order denying a new trial. The Court of Appeals on July 27, 1954, in an order reciting that, upon consideration of the

case by the court sitting as a body, the court was evenly divided as to the judgment which should be rendered, Gardner, P. J., Townsend and Nichols, JJ., being for affirmance, and Felton, C. J., Carlisle and Quillian, JJ., being for reversal, ordered that the case be transferred to this court in compliance with the last sentence of paragraph 4, section 2, article 6, of the Constitution of Georgia of 1945. The record in said case which has been transferred to this court contains a memorandum by the Court of Appeals, which in substance recites that the court was evenly divided on the controlling question in the case—whether the evidence authorized the verdict—and construed the law to mean "that in such event the case shall be transferred to the Supreme Court," and further recited that "there are special grounds of the motion for a new trial to the deciding of which this court has not committed itself for the reason that, if it should do so and find reversible error in any special ground, it would be compelled to reverse the case," and "if this court reversed the case on a special ground, the trial court could not intelligently try the case again as to the general grounds if the evidence was substantially the same, and the case would have to be again appealed to ascertain the law on the general grounds of the motion for a new trial," and "the circumstances seem to require a final determinative decision at this time on the vital question as well as others." The record disclosed that the eight special grounds of the motion for a new trial, which were not passed upon by the Court of Appeals, alleged erroneous instructions by the court during the trial of the case, and that the verdict was grossly excessive. *Held:*

The provision of article 6, section 2, paragraph 4 of the Constitution of 1945 (Code, Ann. Supp., § 2-3704), that the Supreme Court shall have jurisdiction of and shall decide cases transferred to it by the Court of Appeals because of equal division between the judges of that court sitting as a body for the determination of cases, contemplates the transfer by the Court of Appeals to this court of cases where the Judges of the Court of Appeals are equally divided on all questions in the case which would require an affirmance or reversal of the judgment of the trial court, and does not provide for a transfer by that court to this court of any case where there is an equal division between the judges of the Court of Appeals on an isolated question in the case, and there remain for consideration and decision assignments of error whereby, if error be found that required a judgment of reversal, a consideration of the isolated question would become immaterial. It appearing in the instant case that the Judges of the Court of Appeals are equally divided only on the question of whether the evidence is sufficient to authorize the verdict, and have not made any determination on the rulings complained of in the special grounds of the motion for a new trial, where if, upon consideration, it should be determined there were erroneous rulings requiring the grant of a new trial, there would be no necessity to pass on the general grounds of the motion for new trial, the case as it now stands is not subject to be transferred to this court. This court being without jurisdiction to review the case, it is ordered that the same be

*Returned to the Court of Appeals. All the Justices concur.*

Submitted September 15, 1954—Decided September 16, 1954.

*Kay Tipton, Weldon C. Boyd,* for plaintiffs in error.
*Randall Evans, Jr.,* contra.