18819. ATLANTIC COAST LINE RAILROAD COMPANY *et al. v.* CLINARD.

Argued January 10, 1955—Decided January 17, 1955— Rehearing denied February 17, 1955.

*Peacock, Perry, Kelley & Walters,* for plaintiffs in error.

*W. H. Burt, Burt & Burt,* contra.

*Robert W. Reynolds,* for party at interest not party to record.

Candler, Justice. Frances Clinard filed a suit for damages against Atlantic Coast Line Railroad Company and R. H. Bramlett, its engineer, alleging that she was negligently injured by the

defendants when an automobile in which she was riding as a guest passenger struck the side of a box car forming a part of a stationary freight train on a public (the Mock) crossing near Albany, Georgia. The defendants demurred to the petition generally; and also specially on eleven different grounds. All of the demurrers were overruled, and to that judgment there is a proper exception. The defendants also answered the petition and denied all acts of negligence charged against them. The case resulted in a verdict for the plaintiff, and the defendants moved for a new trial on the usual general grounds and by amendment added eight special grounds, in which they complain of several portions of the charge as given, of the court's failure to give specified and allegedly pertinent instructions to the jury, and of the alleged erroneous admission over timely and proper objection of what is alleged to be hearsay evidence, self-serving declarations, and other prejudicial and harmful testimony. The amended motion for new trial was denied, and the movants sued out a writ of error to the Court of Appeals. On November 24, 1954, the Court of Appeals transferred the case to this court for decision. The transfer order recites: "This case came before this court upon a writ of error from the City Court of Albany, and upon a record formally certified and transmitted by the clerk of that court. Upon consideration of the case by the Court of Appeals sitting as a body, the court was equally divided as to the judgment that should be rendered, Townsend, Quillian and Nichols, JJ., being for affirmance, and Felton, C. J., Gardner, P. J., and Carlisle, J., being for reversal. It is therefore ordered that the case be transferred to the Supreme Court of Georgia, in compliance with the last subdivision of Paragraph 8, Section 2, Article 6, of the amendment to the Constitution of the State ratified in the election of August 7, 1945." The record transferred to this court contains a per curiam memorandum opinion, which shows that there was another guest passenger riding in the car at the time of the collision here involved. The other guest passenger was Horace C. Marshall. He also sued these same defendants for injuries sustained in the collision, recovered damages, and the Court of Appeals in his case reversed the judgment denying the movants a new trial, basing its reversal solely on the general grounds of the motion. See *Atlantic Coast Line*

*R. Co.* v. *Marshall,* 89 *Ga. App.* 740 (81 S. E. 2d 228). In the instant case and in the per curiam memorandum opinion, it is said: "The only material difference in the pleadings and the evidence between the instant case and the *Marshall* case, supra, is the difference in parties and the extent of the injuries. Both cases involved the same transaction. We have studied carefully the evidence in the instant case and the *Marshall* case and we find the evidence in the instant case to be substantially the same as in the *Marshall* case. We have compared the evidence in the two cases line for line on the material issues both as to the demurrer and the evidence. Therefore, the judgment in the instant case is that the ruling in the *Marshall* case is controlling here. The court did not err in sustaining (overruling?) the general demurrer. (We see no necessity of passing upon the special demurrers.) The trial court erred in overruling the motion for new trial on the general grounds. (We see no necessity for passing upon the special grounds.)" The record sent to this court also contains a dissenting memorandum opinion by Judge Townsend, in which he says that the evidence in the instant case is materially different from what it was in *Marshall's* case; that it is sufficient to support the verdict; and that the trial court did not err in denying the motion for a new trial on the general grounds. From the record, it affirmatively appears that the Court of Appeals, sitting as a body, considered only the general demurrer to the petition and the general grounds of the motion for new trial, and that the Judges of that court are equally divided only as to the latter. In its effort to decide this case, the Court of Appeals has therefore not undertaken to deal with any of the several questions raised by the defendants' special demurrers, nor with any of those questions raised by the special grounds of the motion for new trial. This being true, under the unanimous ruling in *Atlantic Coast Line R. Co.* v. *Godard,* 211 *Ga.* 41 (83 S. E. 2d 591), which was decided on September 16, 1954, the Supreme Court does not have jurisdiction of the case under that part of article VI, section II, paragraph IV of the Constitution of 1945 (Code, Ann. Supp., § 2-3704) which provides: "The Supreme Court shall have jurisdiction of and shall decide cases transferred to it by the Court of Appeals because of an equal division between the Judges of that Court when sitting as a body

for the determination of cases." Since the Judges of the Court of Appeals are not equally divided in the case at bar on all questions presented by the writ of error which would either require an affirmance or a reversal of the judgments excepted to, but only as to one of the questions in the case, it necessarily follows that the Supreme Court is without jurisdiction of the case. Hence, it must and will be returned to the Court of Appeals for determination.

*Returned to the Court of Appeals. All the Justices concur.*