## A96A0612. CARTER et al. v. FULTON-DeKALB COUNTY HOSPITAL AUTHORITY.

(474 SE2d 83)

McMurray, Presiding Judge.

This is the second appearance of this wrongful death and survival action brought against defendant Fulton-DeKalb Hospital Authority d/b/a Grady Emergency Medical Service ("the Hospital"). Following an automobile accident, plaintiffs' decedent, Paulette Bryant, died from internal bleeding, allegedly as a result of negligent treatment and a 25-minute delay in transporting her by the Hospital's emergency medical transportation service. The trial court originally granted summary judgment, on the basis of sovereign immunity. This Court "remand[ed] this case to the trial court to allow the parties to perfect the record on the issue of insurance coverage which could constitute a waiver of sovereign immunity, after which the trial court should enter an appropriate order consistent with this [Court's] opinion and [with the decision of the Supreme Court of Georgia in *Litterilla v. Hosp. Auth. of Fulton County*, 262 Ga. 34 (413 SE2d 718)]." *Carter v. Fulton-DeKalb County Hosp. Auth.*, 209 Ga. App. 384, 387 (4) (433 SE2d 433) (physical precedent). Before the trial court entered an order upon remand, however, the Supreme Court decided *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195), holding that hospital authorities are not entitled to sovereign immunity. Id. at 42 (2). Nonetheless, the trial court later granted summary judgment in favor of the Hospital based on sovereign immunity. This appeal followed. *Held*:

In *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1) (456 SE2d 97), this Court was not able to apply the rule in *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40, supra, because an earlier appeal in the same case, *Walker v. Fulton-DeKalb Hosp. Auth.*, 200 Ga. App. 750 (409 SE2d 529), established "the law of the case," i.e., the plaintiffs could not contend that the hospital authority was not entitled to sovereign immunity. *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1), 788, supra. The circumstances in the case sub judice are different, however, since this Court did not reach the issue of whether the Hospital is entitled to sovereign immunity in *Carter v. Fulton-DeKalb County Hosp. Auth.*, 209 Ga. App. 384, 387 (4), supra. Consequently, "the law of the case" was not established with regard to the Hospital's sovereign immunity defense, and as a consequence, the trial court was bound to apply the rule that county hospital authorities are not entitled to sovereign immunity. See *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40, 42 (2), supra. Accordingly, the trial court erred in granting the Hospital's motion for summary judgment.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 26, 1996 —
RECONSIDERATION DENIED JULY 11, 1996.

*Smolar, Roseman, Brantley & Seifter, Barry L. Roseman*, for appellants.

*Alston & Bird, James C. Grant, Robert D. McCallum, Jr., Candace N. Smith*, for appellee.