A95A1429. NELSON et al. v. C. M. CITY, INC. et al.
(493 SE2d 569)

BIRDSONG, Presiding Judge.

In *Nelson v. C. M. City, Inc.*, 218 Ga. App. 850 (463 SE2d 902), we reversed the trial court's grant of summary judgment to Curtis Mathes, C. M. City, Inc. and NEC Technologies, Inc. in a suit for damages caused by a defective television.

The trial court held that Curtis Mathes was merely a "product seller" under OCGA § 51-1-11.1 and *Alltrade, Inc. v. McDonald*, 213 Ga. App. 758 (445 SE2d 856). We held in Division 1 (*Nelson*, supra) that defendant Curtis Mathes was not a mere "product seller" of the

television set because Curtis Mathes *had "input into its making, either by design or manufacture or assembly."* (Emphasis supplied.) Id. We held in Division 2 that where OCGA § 51-1-11.1 defines "product seller" as one who assembles a product pursuant to "a manufacturer's" plan, intention, design or specifications, this language refers to one who assembles a product "pursuant to *some other's* plan, intention, design [or] specifications." Curtis Mathes sold a product made and assembled pursuant to *its own* plan, intention, design or specifications and was not a "product seller" entitled to immunity. *Nelson,* supra at 853. The Legislature did not intend to immunize a "seller" who conceives and formulates a certain product, represents to the public that this product is of high quality because it manufactured it, puts its name on the product, and as evidence and confirmation thereof, affixes to it warranties, warnings, or instructions. Id. at 852-853.

We further held in Divisions 3 and 5 in *Nelson* that C. M. City, Inc. may be liable for breach of an implied warranty of fitness and that Curtis Mathes may be liable for the actual maker's negligence if such negligence violates Curtis Mathes's express warranty.

Those holdings have not been reversed and they stand affirmed.

The Supreme Court issued a writ of certiorari to other issues in the case. See Divisions 4 and 6 of *Nelson,* id. That court's remittitur indicates our entire decision was "reversed," but the Supreme Court's decision proves otherwise. *NEC Technologies v. Nelson,* 267 Ga. 390 (478 SE2d 769). The Supreme Court addressed only Divisions 4 and 6 of our opinion. Our rulings in those divisions were the only part of our opinion which was reversed.

The judgments of the trial court stand reversed according to Divisions 1, 2, 3 and 5 of our decision in *Nelson,* supra, and the trial court's judgments stand affirmed according to the Supreme Court's view of the issues stated in Divisions 4 and 6 of *Nelson. NEC Technologies,* supra. The trial court is directed to enter judgment and proceed accordingly.

*Judgments affirmed in part and reversed in part. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 4, 1997 — 

*Newton, Smith, Durden, Kaufold & Rice, Howard C. Kaufold, Jr.,* for appellants.

*Howard & Racz, Wayne S. Racz, Dillard, Bower & East, Bryant H. Bower, Jr., Hunter, Maclean, Exley & Dunn, Glen M. Darbyshire,*

*Jones & Smith, Julian B. Smith, Jr., Robert B. Sullivan*, for appellees.