## S98G1000. FORD v. UNIROYAL GOODRICH TIRE COMPANY et al.
## S98G1016. FORD et al. v. UNIROYAL GOODRICH TIRE COMPANY et al.

(514 SE2d 201)

THOMPSON, Justice.

This is the fifth appellate decision spawned by this litigation. After a first trial resulted in judgments in favor of plaintiffs, defendants appealed and were granted new trials. *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248 (461 SE2d 877) (1995) (*"Ford I"*), aff'd in part and rev'd in part, *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996) (*"Ford II"*), on remand *Uniroyal Goodrich Tire Co. v. Ford*, 224 Ga. App. 187 (481 SE2d 6) (1997) (*"Ford III"*). Upon remand, the trial court entered an interlocutory ruling transferring venue from Fulton County to DeKalb County for retrial. The Court of Appeals allowed interlocutory review and affirmed. *Ford v. Uniroyal Goodrich Tire Co.*, 231 Ga. App. 11 (497 SE2d 596) (1998) (*"Ford IV"*). We granted petitions for certiorari brought by Franklin Ford in Case No. S98G1000, and by Claudia Ford et al. in Case No. S98G1016, to determine which defendants remain in each case; and the proper venue for retrial. We conclude that the remaining defendants are the UGTC Partnership and the UGTC Corporation, and that venue for both lawsuits lies in Fulton County.

*The facts as pertinent to this appeal.* In August 1989, Claudia and Franklin Ford, mother and son, were passengers in a van which was immobilized on Interstate 85 when a tire separated from the wheel and wrapped around the rear axle. Another vehicle struck the disabled van from behind, causing Franklin Ford to suffer severe and permanent brain damage, and Claudia Ford to suffer a fractured leg. They brought separate lawsuits in Fulton County State Court in 1991:

*The Franklin Ford lawsuit.* Franklin Ford sued B. F. Goodrich Tire Company and International Automotive Corporation d/b/a NTW ("NTW").[1] The Uniroyal Goodrich Tire Company Partnership ("UGTC Partnership")[2] voluntarily appeared and entered into a consent order substituting itself as the correct party defendant for B. F. Goodrich Tire Company. *Ford* I at (2). In so doing, the UGTC Partnership adopted the answer of B. F. Goodrich. The answer admits that defendant transacted business in the state of Georgia, that service could be made upon its registered agent in Fulton County, and that it is subject to both the jurisdiction and venue of the State Court of Fulton County.

---

[1] NTW is the retailer of the tire.
[2] The UGTC Partnership is the manufacturer of the tire.

*The Claudia Ford lawsuit.* Claudia Ford, along with her husband who claimed loss of consortium, jointly sued Uniroyal Goodrich Tire Company, and NTW. Although the lawsuit did not distinguish the UGTC Partnership from the Uniroyal Goodrich Tire Company Corporation ("UGTC Corporation"),[3] the UGTC Corporation was served with the complaint through its registered agent for service of process in Clayton County, Georgia. *Ford* I at (2).

*Procedural history.* Prior to trial, plaintiffs in both actions entered into Compromise Release Agreements with NTW, in which they agreed to " 'release and discharge all claims' against NTW." *Ford* I at (4) (a). Thereafter, both UGTC defendants filed motions to transfer venue, maintaining that NTW as the only Fulton County defendant was subject to dismissal, and that with its dismissal, venue no longer lay in Fulton County. The trial court denied the motion; defendants did not seek interlocutory review.

On the eve of trial, the court granted motions filed by plaintiffs in both actions to add party defendants. As a result, the UGTC Corporation was added as a defendant in the Franklin Ford suit; and the UGTC Partnership was added in the Claudia Ford suit.[4] And although plaintiffs in both actions had executed releases with NTW as to all claims, the trial court refused to dismiss NTW, directing that it remain as a defendant in the trial of both cases. Both lawsuits were tried simultaneously in the same courtroom in Fulton State Court, with two separate juries simultaneously hearing all common evidence. Verdicts were returned in favor of plaintiffs, and appeals were taken. *Ford* I.

The Court of Appeals in *Ford* I at (4), determined that the trial court committed reversible error in refusing to dismiss NTW because no claims were pending against it at the time of trial as a result of the releases. That ruling was not disturbed by this Court in *Ford* II and thus remains the law of the case.

On remand, both UGTC defendants again filed motions to transfer venue, asserting that venue in Fulton County vanished with the dismissal of NTW. The trial court agreed and transferred venue to

---

[3] The UGTC Corporation is a Delaware corporation which is one of three general partners of the UGTC Partnership.

[4] While the majority opinion of the Court of Appeals in *Ford* I at (2) purported to find reversible error in the addition of party defendants on the eve of trial without service of process and over objections by the added defendants, the eight participating members of the court were evenly divided as to that question. Because the Court of Appeals was not equally divided on *all* questions presented, it was not required that the case be transmitted to this Court for resolution of the joinder issue under Art. VI, Sec. V, Par. V of the Georgia Constitution. See *Atlantic Coast Line R. Co. v. Clinard*, 211 Ga. 340 (86 SE2d 1) (1955). And since the joinder issue was not addressed by this Court on certiorari in *Ford* II, the ruling of the trial court stands.

DeKalb County.[5]

1. *Remaining defendants.* Both UGTC defendants remain as defendants in each lawsuit. See fn. 4, infra. Defendants acknowledged below that by virtue of the ruling in *Ford* I, the addition of party defendants stands affirmed by operation of law; and both UGTC defendants continued to participate in both lawsuits.

2. *Venue as to the UGTC Partnership.* For the reasons which follow, we conclude that venue as to the Partnership lies in Fulton County.

While organized as a general partnership under the laws of New York state, the Partnership acknowledged that at the time of suit, and at all times relevant to this litigation, at least one of its general partners has been a resident of Fulton County. "A partnership may be sued in any county in which one of [its general] partners resides." *Reading Assoc. v. Reading Assoc. of Ga.,* 236 Ga. 906, 907 (1) (225 SE2d 899) (1976). This is so because "a partnership has no legal entity aside from that of its partners." *Lester Witte & Co. v. Rabun County,* 245 Ga. 382, 385 (2) (265 SE2d 4) (1980).

For jurisdictional purposes, a "nonresident" partnership is defined as one which is "not residing, domiciled, organized, or existing in this state at the time a claim or cause of action . . . arises." OCGA § 9-10-90. When "a partnership is spoken of by its partnership name, and said to reside or not to reside in any place, the meaning, it is to be presumed, is that the members composing the partnership, reside or do not reside in the place." *Chambers, Jeffers &c. v. Sloan, Hawkins &c.,* 19 Ga. 84, 85 (1855). Since the UGTC Partnership, through its partner, was a resident of Fulton County when plaintiffs' cause of action arose, the Partnership is not deemed a "nonresident" under the foregoing authority.

We reject the Partnership's claim that venue over it must be established under the Long Arm Statute, which provides a basis for exercising personal jurisdiction over a *nonresident.* See OCGA § 9-10-91. The Long Arm Statute was not invoked in exercising jurisdiction over the Partnership, and never entered into this litigation until the Partnership asserted it as a basis to transfer venue to the county where the accident occurred.

Under the unique circumstances of this case, the Partnership cannot be deemed a nonresident partnership for purposes of venue.

3. *Venue as to the UGTC Corporation.* Both UGTC defendants

---

[5] The court determined that venue as to the UGTC Corporation lies in Clayton County where the registered agent is located; venue as to the UGTC Partnership is determined under the Long Arm Statute which, in this case, is DeKalb County where the accident occurred. Because the UGTC Partnership consented to venue in Clayton County, the trial court offered plaintiffs the choice of Clayton or DeKalb, and they chose DeKalb.

are alleged to be joint tortfeasors. See *Mitchell v. Gilson*, 233 Ga. 453, 454 (211 SE2d 744) (1975). See also *Colt Indus. &c. v. Coleman*, 246 Ga. 559, 560 (272 SE2d 251) (1980) (theoretical basis for strict liability claim is in tort and where the definition of *Mitchell v. Gilson* is met, defendants are deemed to be joint tortfeasors).

In answer to the Claudia Ford complaint, the Corporation admitted that it is a Delaware corporation which transacts business in Georgia, it may be served through its registered agent in Clayton County, and it is subject both to the jurisdiction and venue of the State Court of Fulton County. "A foreign corporation registered to do business in Georgia is deemed to 'reside' in Georgia for venue purposes, OCGA § 14-2-510." *Goodman v. Vilston, Inc.*, 197 Ga. App. 718, 721 (399 SE2d 241) (1990). Thus, the Corporation is properly joined as a defendant with the Partnership under the joint obligor venue provision of OCGA § 9-10-31.[6] See also 45 Mercer L. Rev. 468 (1995) (if through registration, an out of state corporation becomes a resident for purposes of jurisdiction, the corporation also becomes a resident for purposes of venue).

*Judgments reversed. All the Justices concur. Sears, J., disqualified.*

DECIDED MARCH 8, 1999 —
RECONSIDERATION DENIED APRIL 1, 1999.

*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Smolar, Roseman, Brantley & Seifter, Yehuda Smolar, G. Grant Brantley, James I. Seifter, Antoinette D. Johnson, Murphy, Murphy & Garner, Thomas B. Murphy, Gambrell & Stolz, Irwin W. Stolz, Jr., Walker, Hulbert, Gray & Byrd, Lawrence C. Walker, Jr.,* for appellants.

*Love & Willingham, Daryll Love, Allen S. Willingham, Robert P. Monyak, Johnson, Kane & Penna, Stephen R. Kane, Alston & Bird, Bernard Taylor, James W. Hagan,* for appellees.

---

[6] OCGA § 9-10-31 provides: "Joint or joint and several obligors or promisors, or joint contractors, or copartners, residing in different counties, may be subject to an action as such in the same action in any county in which one or more of the defendants reside."