A05A1221. SRH, INC. v. IFC CREDIT CORPORATION.
(619 SE2d 744)

MILLER, Judge.

SRH, Inc. (SRH) appeals from a grant of dismissal in this case involving a lease assigned to IFC Credit Corporation (IFC), an entity incorporated in Illinois. The trial court found that the parties were bound by a forum selection provision in the lease and dismissed the case. We disagree and reverse.

We review a grant of a motion to dismiss to determine "whether the allegations of the complaint, when construed in the light most favorable to the plaintiff with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts." (Citation omitted.) *Cooper v. Unified Govt. of Athens-Clarke County*, 275 Ga. 433, 434 (2) (569 SE2d 855) (2002).

So viewed, the record shows that in December 2003, SRH and IFC's predecessor in interest Norvergence, Inc. executed an "Equipment Rental Agreement" under which SRH leased certain telephone equipment from Norvergence for a term of 60 months at approximately $450 per month. The contract contained the following provision:

> This agreement shall be governed by, construed and enforced in accordance with the laws of the State in which Rentor's principal offices are located or, if this Lease is assigned by Rentor, the State in which the assignee's principal offices are located, without regard to such State's choice of law considerations[,] and all legal actions relating to this Lease shall be venued exclusively in a state or federal

court located within that State, such court to be chosen at Rentor or Rentor's assignee's sole option.

On January 28, 2004, SRH signed a so-called "Delivery and Acceptance Certificate" including language that the equipment "conforms with our requirements" and that its first payment under the lease would be due in 60 days, "and shall continue thereafter for the full length of the stated initial term of the [lease]." On June 30, 2004, the same day that it filed for bankruptcy protection, Norvergence assigned its interest in the lease to IFC, an Illinois corporation with its principal office in Morton Grove, Illinois.

Nearly eight months after accepting the equipment, SRH brought an action to rescind the lease, alleging that Norvergence and IRC had conspired to lease inadequate telephone equipment, to induce SRH into signing the lease, and to assign such leases to entities including IRC in order to remove Norvergence's assets from the purview of the bankruptcy trustee. After answering, IFC moved to dismiss for improper venue and for failure to state a claim for fraud with sufficient particularity. The trial court granted IFC's motion on the ground that Georgia venue was indeed improper. SRH now appeals, arguing that because Norvergence fraudulently induced it into the lease, it cannot be bound by any part of the lease, including its forum selection provision.

Under Georgia law, a complaint shall set forth the facts on which venue is based. OCGA § 9-11-8 (a) (2); *Peacock v. Nat. Bank & Trust Co. of Columbus*, 241 Ga. 280, 281 (2) (244 SE2d 816) (1978). The trial court is entitled to examine whatever facts the record may contain in order to determine whether a motion to dismiss should be granted, although the court may not transform its determination thereon into an adjudication on the merits. See *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994) (consideration of matters outside pleadings does not convert motion to dismiss into motion for summary judgment as to matters in abatement). Specifically, a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief. *Skelton v. Skelton*, 251 Ga. 631, 631-632 (1) (308 SE2d 838) (1983) (affirming denial of motion to dismiss for failure to plead fraud with particularity); *Cochran v. McCollum*, 233 Ga. 104, 105 (210 SE2d 13) (1974) (trial court erred in dismissing caveat for failure to state facts proving undue influence, fraud or mistake). Rather than move to dismiss, a defendant seeking greater particularity may either move for a more definite statement or wait for the outcome of discovery. See OCGA

§ 9-11-12 (e) (allowing motion for more definite statement); *Lloyd v. Prudential Securities*, 211 Ga. App. 247, 249 (3) (438 SE2d 703) (1993).

Here, SRH satisfied its pleading requirements when it brought an action for rescission alleging that Norvergence and IFC engaged in a fraudulent course of conduct including (1) the inducement of an unconscionable lease for defective telephone equipment and (2) the assignment of that lease to IFC without the permission of the bankruptcy trustee for the purpose of defrauding both SRH and the bankruptcy court. Since we cannot say that SRH is bound to fail in its rescission claim under any set of provable facts, we hold that the trial court erred in dismissing the case on the basis of a forum selection provision in the contract alleged to have been procured by fraud. See *Cochran*, supra, 233 Ga. at 105.

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 8, 2005.

*S. Robert Hahn, Jr., George L. Kimel*, for appellant.
*Lamberth, Cifelli, Stokes & Stout, Gary D. Stokes, Stuart F. Clayton, Jr.*, for appellee.