A06A1785. HEDQUIST et al. v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. et al.

(643 SE2d 864)

BERNES, Judge.

John H. Hedquist III ("JHHIII"), individually and as trustee of the John H. Hedquist III & Associates Profit Sharing Plan & Trust, and John H. Hedquist, Jr. ("JHHJR") appeal from the trial court's dismissal of their amended complaint for failure to state a claim upon which relief could be granted. This case came before the Supreme Court of Georgia and Court of Appeals on one previous occasion after the trial court dismissed appellants' claims. See *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 272 Ga. 209 (528 SE2d 508) (2000) ("*Hedquist II*"); *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 236 Ga. App. 181 (511 SE2d 558) (1999) ("*Hedquist I*"). On remand, the trial court ruled that the law of the case barred appellants' claims and dismissed them for a second time. For the following reasons, we affirm in part and reverse in part.

"When reviewing the grant of a motion to dismiss for failure to state a claim, we review the dismissal de novo, construing the complaint's allegations and all possible inferences therefrom in favor of the plaintiff." *Daly v. Mueller*, 279 Ga. App. 168 (630 SE2d 799) (2006). So viewed, the record reflects that at all times relevant to this dispute, Barton Industries, Inc. ("Barton") was a publicly held corporation involved in the oil services industry. In the fall of 1990, appellants owned common stock in Barton. Appellee Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") became interested in Barton stock and came into contact with appellants in order to better follow Barton stock and to determine if appellants were interested in selling a portion of their stock or buying more. Merrill Lynch later became further involved as an intermediary in a potential merger between Barton and another corporation.

The instant dispute arose out of allegations by appellants that Merrill Lynch concealed and misrepresented to them Barton's true financial condition, causing them to hold onto their stock rather than

sell it at a time when the stock still had value. According to appellants, once the true financial condition of Barton was discovered, their stock became worthless.

Appellants filed suit against Merrill Lynch and its principal agent who handled the Barton account, Suzanne Cook, alleging claims for fraud, negligent misrepresentation, and violations of Georgia's and Florida's Racketeer Influenced and Corrupt Organizations ("RICO") statutes.[1] They also sued several others, including Jack Camarda and Paul Brostrom, two Barton shareholders who allegedly made false representations to JHHIII about Barton's financial health. Subsequently, appellants voluntarily dismissed their suit without prejudice, and later filed a renewal action against the same defendants. However, after filing their renewed action, appellants voluntarily dismissed their claims against Cook with prejudice.

The trial court thereafter entered an order granting Merrill Lynch's motion to dismiss appellants' claims for failure to state a claim. The trial court reasoned that because appellants' claims against Merrill Lynch were predicated on the purported acts of Cook and thus were based on a respondeat superior theory of liability, appellants' dismissal of their claims against Cook with prejudice also barred their claims against Merrill Lynch. In the same order, the trial court also granted summary judgment to Camarda and Brostrom on the fraud and negligent misrepresentation claims brought against them.

We affirmed the trial court's order in *Hedquist I*, 236 Ga. App. 181. In reaching that result, we made three specific rulings. First, we ruled that appellants' tort claims for fraud and negligent misrepresentation against Merrill Lynch were predicated solely on the alleged misconduct of Cook, and, therefore, could not be maintained following appellants' voluntary dismissal of their claims against Cook with prejudice. Id. at 183 (1). Second, we ruled that appellants' Georgia and Florida RICO claims against Merrill Lynch failed to state a claim because appellants "failed to allege two separate and distinct, criminal 'predicate acts' committed by Merrill Lynch." Id. at 183-184 (1). Third and finally, we ruled that the trial court properly granted summary judgment to Camarda and Brostrom on the fraud and negligent misrepresentation claims, because JHHIII could not establish that he reasonably relied on the alleged false statements. Id. at 184 (2).

---

[1] Although there originally was a third plaintiff, she elected during the course of litigation not to pursue her claims any further and dismissed her claims with prejudice as to all defendants.

Appellants filed a petition for writ of certiorari with the Supreme Court of Georgia. In their petition, appellants conceded that this Court had addressed several substantive issues relating to Merrill Lynch and other defendants, but nevertheless sought review only regarding the issue of whether appellants' dismissal of their claims against Cook with prejudice barred their fraud and negligent misrepresentation claims against Merrill Lynch.

The Supreme Court granted certiorari to address the following question: "Did the Court of Appeals err in holding that tort claims against an employer, which are based on the doctrine of respondeat superior, must be dismissed if the allegedly negligent employee has been dismissed with prejudice?" The Supreme Court subsequently reversed this Court's decision on that narrow question, holding that the voluntary dismissal of an employee does not constitute an adjudication on the merits barring prosecution of a plaintiff's respondeat superior claims against the employer. *Hedquist II*, 272 Ga. 209. The Supreme Court, however, did not address this Court's other rulings regarding the RICO claims against Merrill Lynch and the tort claims against Camarda and Brostrom. See id.

On remand, this Court issued an opinion and remittitur order returning the case to the trial court. In the opinion, we stated:

> In [*Hedquist I*], this Court affirmed the trial court's dismissal of all claims against Merrill Lynch, Pierce, Fenner & Smith, Inc. After granting certiorari, the Supreme Court of Georgia reversed our judgment to the extent this Court held that a plaintiff's voluntary dismissal with prejudice of an allegedly negligent employee constitutes an adjudication on the merits of a plaintiff's claims brought against the employer under the doctrine of respondeat superior.

> Accordingly, our prior judgment is vacated, the judgment of the Supreme Court of Georgia is made the judgment of this Court, and the judgment of the trial court is reversed.

(Footnote omitted.) *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 243 Ga. App. 555 (533 SE2d 757) (2000) ("*Hedquist III*").

Approximately four years after the appealed case was returned to the trial court, appellants filed an amended complaint. The amended complaint alleged the same fraud, negligent misrepresentation, and Georgia and Florida RICO claims against Merrill Lynch, but omitted the tort claims previously alleged against Camarda and Brostrom.

Merrill Lynch moved to dismiss appellants' amended complaint, and the trial court granted the motion based on the law of the case rule. Specifically, the trial court held that this Court's previous ruling

in *Hedquist I*—that appellants' RICO claims failed as a matter of law because appellants could not establish two predicate acts — was undisturbed by, and not inconsistent with, the Supreme Court's decision in *Hedquist II* and, therefore, was the law of the case. Consequently, the trial court concluded that appellants could not proceed with their RICO claims, since there had been a binding ruling by this Court that they could not establish two predicate acts, a necessary component of a RICO claim. See, e.g., *Martinez v. Heinrich*, 521 S2d 167, 168 (Fla. App. 1988) (essential to RICO claim is evidence that defendant engaged in at least two predicate acts of racketeering activity); *Aon Risk Svcs. v. Commercial & Military Systems Co.*, 270 Ga. App. 510, 516 (5) (b) (607 SE2d 157) (2004) (same).

For the same reasons, the trial court held that this Court's ruling in *Hedquist I* that reasonable reliance could not be established was the law of the case. As such, the trial court also dismissed appellants' fraud and negligent misrepresentation claims. See, e.g., *Newitt v. First Union Nat. Bank*, 270 Ga. App. 538, 546 (5) (607 SE2d 188) (2004) (in order to prove negligent misrepresentation, plaintiff must establish that he or she reasonably relied upon the false information); *GCA Strategic Investment Fund, Ltd. v. Joseph Charles & Assoc.*, 245 Ga. App. 460, 464 (3) (537 SE2d 677) (2000) (essential element of fraud claim is that plaintiff justifiably relied on the false representations).

Appellants contend that the trial court erred in concluding that their fraud, negligent misrepresentation, and RICO claims against Merrill Lynch were barred by the law of the case rule. "Under the law of the case rule, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals, as the case may be." (Punctuation and footnote omitted.) *Security Life Ins. Co. &c. v. Clark*, 273 Ga. 44, 46 (1) (535 SE2d 234) (2000). See OCGA § 9-11-60 (h); *Caring Hands, Inc. v. Ga. Dept. of Human Resources*, 222 Ga. App. 608, 609 (1) (475 SE2d 660) (1996). Moreover, when the Supreme Court reviews a decision by the Court of Appeals, "any portions of the Court of Appeals' decision that are not considered by the Supreme Court are unaffected by the Supreme Court's opinion" and "bec[o]me the law of the case." *Security Life Ins. Co.*, 273 Ga. at 46-47 (1). See *Ford v. Uniroyal Goodrich Tire Co.*, 270 Ga. 730, 731 (514 SE2d 201) (1999). Thus, those portions of a Court of Appeals' decision that were not addressed by the Supreme Court are treated as affirmed and "become binding upon the return of the remittitur" to the extent they are consistent with the Supreme Court's opinion. *Shadix v. Carroll County*, 274 Ga. 560, 563 (1) (554 SE2d 465) (2001). See *Camp v. Coweta County*, 280 Ga. 199, 204 (3), n. 13 (625 SE2d 759) (2006).

Appellants concede that the Supreme Court's opinion in *Hedquist II* did not address those portions of this Court's decision in *Hedquist I* pertaining to the RICO predicate acts issue and the reasonable reliance issue. However, appellants raise two arguments as to why the law of the case rule should not bar their claims. First, they contend that *Hedquist I* is a legal nullity and cannot be cited as the law of the case because this Court purportedly vacated that opinion in its entirety in *Hedquist III*. Second, they contend that, even if the law of the case rule would otherwise apply, their fraud and negligent misrepresentation claims against Merrill Lynch are not barred because this Court's prior decision on the reasonable reliance issue concerned claims against different defendants (Camarda and Brostrom) and arose in a different procedural posture (motion for summary judgment). We will address each argument in turn.

1. Appellants first maintain that *Hedquist I* cannot be cited as the law of the case because it was rendered a legal nullity by our decision in *Hedquist III*. In making this argument, appellants seize on the fact that in the last sentence of our opinion in *Hedquist III*, we stated that "our prior judgment is vacated, the judgment of the Supreme Court of Georgia is made the judgment of this Court, and the judgment of the trial court is reversed." 243 Ga. App. at 555. Based on this sentence, appellants argue that we intended to reverse our entire prior decision enunciated in *Hedquist I*, thereby nullifying *Hedquist I* such that it could not serve as the law of the case. Appellants further argue that by stating that the judgment of the trial court was reversed, the legal effect of the statement was to reinstate all of appellants' claims against Merrill Lynch and to authorize appellants to proceed to trial on those claims.

We are unpersuaded. Rulings by Georgia trial and appellate courts "are construed according to their substance and function and not merely by nomenclature." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006). See *Shadix*, 274 Ga. at 563 (1); *In the Interest of A. C.*, 280 Ga. App. 212, 216 (1) (a) (633 SE2d 609) (2006). The goal is to give full effect to "the totality of the opinion rendered" rather than to read words in a vacuum. *Womack Indus. v. B & A Equip. Co.*, 204 Ga. App. 32 (418 SE2d 411) (1992). As such, the words "reversal" and "vacated" should not be treated as magic words that can be read in isolation, separate and apart from the underlying substantive language and reasoning of the various appellate opinions issued in the case. See *Nelson v. C. M. City, Inc.*, 229 Ga. App. 141, 142 (493 SE2d 569) (1997).

Applying these principles to the case at hand, we cannot agree with appellants' interpretation of *Hedquist III*. That decision cannot be read in a vacuum, but instead must be read in light of the fact that the Supreme Court in *Hedquist II* left undisturbed two of the rulings

made by this Court in *Hedquist I,* therefore affirming those rulings and rendering them the law of the case. See *Camp,* 280 Ga. at 204 (3), n. 13; *Shadix,* 274 Ga. at 563 (1); *Security Life Ins. Co.,* 273 Ga. at 46-47 (1); *Ford,* 270 Ga. at 731. Hence, read in the context of the previous appellate decisions rendered in the case, it is clear that in *Hedquist III,* we intended to reverse the trial court's order and our prior decision in *Hedquist I* only insofar as they were inconsistent with the Supreme Court's decision in *Hedquist II.*

Furthermore, in the first paragraph of *Hedquist III,* we explicitly recognized that the Supreme Court reversed our decision in *Hedquist I* only "to the extent this Court held that a plaintiff's voluntary dismissal with prejudice of an allegedly negligent employee constitutes an adjudication on the merits of a plaintiff's claims brought against the employer under the doctrine of respondeat superior." 243 Ga. App. at 555. We construe this limiting language found in the first paragraph of *Hedquist III* as also modifying and limiting the word "reversal" in the last sentence of the opinion. Any other construction would fail to harmonize the various parts of the decision and in fact would render the decision internally inconsistent, a construction that is disfavored. See *Terrell v. Payne,* 280 Ga. 51, 51-52 (622 SE2d 330) (2005) (noting that courts "should not interpret an opinion in such a way as to make it internally inconsistent") (citation and punctuation omitted).

For these reasons, we reject appellants' contention that in *Hedquist III,* we intended to nullify *Hedquist I* in its entirety. To the contrary, it is clear from the language of the opinion and the appellate context within which it arose that, in *Hedquist III,* we intended to reverse *Hedquist I* only insofar as it was inconsistent with the specific ruling of the Supreme Court in *Hedquist II.* As such, this Court's rulings in *Hedquist I* concerning the RICO predicate acts issue and the reasonable reliance issue constituted the law of the case on remand to the trial court.

2. Appellants next assert that even if *Hedquist I* was the law of the case on remand, the law of the case did not control their fraud and negligent misrepresentation claims against Merrill Lynch, since this Court's prior decision on the reasonable reliance issue concerned different defendants (Camarda and Brostrom) and a different procedural posture (motion for summary judgment). We conclude that the law of the case rule controls appellant JHHIII's fraud and negligent misrepresentation claims against Merrill Lynch, but not those of appellant JHHJR.

(a) *JHHIII.* As noted, the fraud and negligent misrepresentation claims previously brought against Camarda and Brostrom were predicated on alleged false statements made to JHHIII about the financial condition of Barton. In *Hedquist I,* we determined that these

claims could not succeed because the uncontroverted record reflected that JHHIII "was an experienced, licensed broker who had first-hand knowledge of Barton's problems" and who already had "inside information" about internal wrongdoing and mismanagement at Barton in the fall of 1990, before the alleged false statements were made to him by Camarda and Brostrom. 236 Ga. App. at 182, 184 (2). Accordingly, we concluded that, as a matter of law, JHHIII could not establish that he reasonably relied on the alleged false statements made to him by Camarda and Brostrom. Id.

These findings in *Hedquist I* similarly require the dismissal of JHHIII's fraud and negligent misrepresentation claims against Merrill Lynch on the ground that JHHIII cannot establish reasonable reliance. The facts alleged in appellant's amended complaint reflect that the false representations allegedly made by Merrill Lynch occurred at a time when JHHIII already had inside information about the problems at Barton, according to our binding ruling on that issue in *Hedquist I*. As such, the law of the case rule bars JHHIII's fraud and negligent misrepresentation claims against Merrill Lynch, since the determinations made in *Hedquist I* necessarily preclude JHHIII from proving that he reasonably relied on Merrill Lynch's alleged false representations. See *Nolan Road West, Ltd. v. PNC Realty Holding Corp. of Ga.*, 248 Ga. App. 248, 250 (1) (b) (544 SE2d 750) (2001) (fact that different defendants were involved when the issue was first litigated on appeal does not prevent application of the law of the case rule, when the parties on remand attempt "to relitigate exactly the same issue . . . already decided"), rev'd on other grounds, 274 Ga. 742 (559 SE2d 447) (2002).

The fact that our prior decision arose in the context of a summary judgment motion does not change this result. While appellants filed an amended complaint following remand of the appealed case to the trial court, the law of the case rule still applies to those assertions in the complaint that are implicated by our prior decision. See *Modern Roofing & Metal Works v. Owen*, 174 Ga. App. 875, 876 (1) (332 SE2d 14) (1985) (noting that tolling assertions raised and decided in prior appeal of the grant of summary judgment were the law of the case that would control the same assertions raised in an amended complaint on remand). Since the amended complaint contained factual assertions about the time period of Merrill Lynch's alleged false representations directly implicated and controlled by our prior decision in *Hedquist I*, the law of the case rule still applies to bar JHHIII's fraud and negligent misrepresentation claims even though the procedural posture in the case had changed. Compare *Modern Roofing & Metal Works*, 174 Ga. App. at 876 (1) (the law of the case rule did not apply to new factual assertions raised in amended complaint on remand, when the new assertions alleged "an entirely new basis for

tolling the statutes of limitation" than was litigated in prior appeal involving different defendant).

(b) *JHHJR*. We reach a different result with respect to appellant JHHJR. Appellants never alleged in their complaint that Camarda and Brostrom had made false representations to JHHJR, and, as a result, our opinion in *Hedquist I* did not address reasonable reliance as it pertained to him. See 236 Ga. App. at 184 (2). Consequently, the law of the case rule does not apply so as to bar JHHJR's fraud and negligent misrepresentation claims against Merrill Lynch. See *State v. Lejeune*, 277 Ga. 749, 756 (3) (b) (594 SE2d 637) (2004) (the law of the case rule "require[s] that the same issue [has] been actually litigated" in a prior appeal); *Carter v. Fulton-DeKalb County Hosp. Auth.*, 222 Ga. App. 220 (474 SE2d 83) (1996) (the law of the case rule did not apply, when sovereign immunity issue had not been reached and decided in prior appeal).

Nevertheless, Merrill Lynch argues that even if the law of the case rule does not apply, the trial court should be affirmed under the right for any reason rule because the amended complaint fails to allege facts showing that JHHJR reasonably relied upon the alleged false representations. We disagree. Although fraud must be pled with particularity under OCGA § 9-11-9 (b), "a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief." *SRH, Inc. v. IFC Credit Corp.*, 275 Ga. App. 18, 19 (619 SE2d 744) (2005). See *Skelton v. Skelton*, 251 Ga. 631 (1) (308 SE2d 838) (1983). "Rather than move to dismiss, a defendant seeking greater particularity may either move for a more definite statement or wait for the outcome of discovery." *SRH, Inc.*, 275 Ga. App. at 19. See OCGA § 9-11-12 (e) (motion for more definite statement); *Skelton*, 251 Ga. at 632 (1).

Here, the amended complaint reflects that JHHJR's fraud and negligent misrepresentation claims are predicated on a December 15, 1990 press release in which Merrill Lynch allegedly made false representations to shareholders. The amended complaint alleges that JHHJR relied to his detriment upon information supplied by Merrill Lynch in the press release, "as any similarly situated shareholder and investor would reasonably rely on similar press releases." Construed liberally, we cannot say that JHHJR is bound to fail in establishing reasonable reliance under any set of provable facts. Therefore, we reject Merrill Lynch's argument that the dismissal of JHHJR's fraud and negligent misrepresentation claims should be affirmed under the right for any reason rule.

In summary, we affirm the trial court's dismissal of appellants' RICO claims and appellant JHHIII's fraud and negligent misrepresentation claims against Merrill Lynch based on the law of the case

rule. However, we reverse the trial court's dismissal of appellant JHHJR's fraud and negligent misrepresentation claims against Merrill Lynch, since the law of the case rule does not bar those claims.

*Judgment affirmed in part and reversed in part. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 21, 2007.

*Jones, Jensen & Harris, Richard E. Harris*, for appellants.
*Rogers & Hardin, Brett A. Rogers, Jill E. Steinberg*, for appellees.