A08A1625. THE STATE v. GIBBS.
(669 SE2d 469)

BARNES, Chief Judge.

The State appeals from an order granting Gina Gibbs' motion to suppress evidence seized during a traffic stop, arguing that the trial court erred in finding that the officer had no reasonable articulable suspicion to stop the vehicle in which Gibbs was a passenger. For the reasons that follow, we affirm.

When the evidence presented for a motion to suppress is not disputed, we will review the trial court's application of the law de novo. The trial court's findings on issues of fact, however, will only be disturbed on appeal if they are clearly erroneous. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So viewed, the record shows that the officer saw the vehicle pass

him on the interstate and observed that the front-seat passenger appeared to be asleep "or for some reason resting with the back slumped towards the passenger door, and in a very low position." The officer followed the vehicle to try to determine whether the passenger, who was Gibbs, was wearing a seat belt, and testified that when he pulled up to the right side of the vehicle, he was able to determine that she was not. On cross-examination, however, the officer first agreed that he pulled the car over to determine whether Gibbs was wearing a seat belt, and then explained that he confirmed Gibbs was not wearing a seat belt when he pulled up next to the vehicle, before he stopped it. The officer also stated that while he was driving beside the vehicle he could not tell whether Gibbs was sleeping and just lying back and offered the court a demonstration to show how Gibbs was positioned in the car.

1. The State argues that the trial court erred in finding that the officer had no reasonable suspicion to follow the vehicle, rather than no reasonable suspicion to stop it. The order, prepared by defense counsel, uses both words, "stop" and "follow," and provides:

> The Court finds, as the finder of fact, that [the officer] did not have a reasonable, articulable suspicion nor probable cause to *stop* the vehicle in which the defendant was a passenger. . . . [T]he officer did not observe any traffic violation or criminal activity which warranted him to *follow* the vehicle in which the defendant was a passenger. Therefore, the evidence seized in this case was not pursuant to a valid *stop* or a lawful arrest.

(Emphasis supplied.)

As Gibbs concedes, the officer did not need a reasonable articulable suspicion to authorize him to follow the vehicle. Thus, the threshold issue in this case is whether the trial court made a factual finding that the officer had no reasonable suspicion authorizing him to stop the vehicle. This court construes trial court orders "according to their substance and function and not merely by nomenclature." (Citations and punctuation omitted.) *Hedquist v. Merrill Lynch, Pierce, Fenner &c., Inc.,* 284 Ga. App. 387, 391 (1) (643 SE2d 864) (2007). Further, "[t]he goal is to give full effect to the totality of the [order] rendered rather than to read words in a vacuum." (Citation and punctuation omitted.) Id. In this case, although the order granting Gibbs' motion to suppress used the word "follow" in one sentence, the remaining portions of the order refer to the "stop" as invalid. Viewing the order in its entirety, the ruling of the court clearly was that the officer had no reasonable, articulable suspicion authorizing him to stop the vehicle.

472

2. We thus consider whether the trial court's ruling — that the officer had no reasonable, articulable suspicion authorizing him to stop the vehicle — was clearly erroneous. "The trial court resolves conflicts in the evidence, and its findings of credibility and fact will not be disturbed unless they are clearly erroneous. [Cit.]" *Davis v. State*, 237 Ga. App. 890 (517 SE2d 115) (1999). Here, the officer agreed at one point that he stopped the vehicle to determine whether Gibbs was wearing her seat belt, and further testified that he could not tell whether she was asleep even after he pulled alongside the vehicle. Further, the officer demonstrated how Gibbs was positioned in the vehicle, and described her as being slumped in a "very low" position in the seat. Given this testimony, the trial court could have determined that the officer was unable to tell whether Gibbs was wearing her seat belt before he stopped the vehicle. We cannot find clearly erroneous the trial court's factual conclusion that the officer lacked articulable suspicion to authorize the stop. Compare *Bailey v. State*, 283 Ga. App. 365, 367 (1) (641 SE2d 548) (2007) (trial court authorized to reject expert testimony and believe officer's testimony that he was able to see that vehicle occupant was not wearing seat belt). Accordingly, the trial court did not err in granting Gibbs' motion to suppress.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 10, 2008.

*Arthur J. Creque, Solicitor-General, Gina M. Stout, Assistant Solicitor-General*, for appellant.

*Hogue & Hogue, Holly M. De Rosa*, for appellee.