## 34422. SHEPHERD v. SHEPHERD.

BOWLES, Justice.

This is the seventh reported appeal in this divorce case. All prior decisions are set forth in the most recent holding of this court in *Shepherd v. Shepherd*, 241 Ga. 484

(246 SE2d 183) (1978). We there considered the amended pleadings of the wife, as well as the pleadings of the husband in determining whether a provision in a divorce decree that "defendant (wife) be awarded no alimony, she having waived hearing as to alimony in the second amendment," amounts to "silence as to alimony" so that a prior alimony award in a separate maintenance action remains in force. We there held that the wife's second amendment clearly stated that she was not seeking alimony in the divorce case and, therefore, the issue was not relitigated and the alimony award in the separate maintenance action, which had been theretofore finalized, remained in effect.[1] In doing so, we reversed the trial court, which had set aside certain fi. fas. and prior orders holding the husband in contempt for his failure to make payments under the separate maintenance judgment.

Upon the return of the remittitur from this court to the trial court in that case, the trial court permitted husband's counsel to amend his motion. Reconsidering the motion on its merits, the court concluded that the substance of the amendment had not been considered by this court on appeal. Thereupon, the trial court reinstated its previous order, granting the husband's motion and, in effect, overruled the solemn judgment of this court.

We again reverse.

Where the trial court, after hearing a motion to set aside a prior order in a pending case vacates the judgment complained of, and on appeal the trial court's decision is reversed without direction, judgment of the appellate court is final. Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to allow the movant to amend his motion. Nor can it hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of this court.

---

[1]The effect of this holding in light of the pleadings was that a husband cannot invoke the court's power to readjudicate the wife's prior separate maintenance award.

The only action which that court had authority or power to take was to make the judgment of this court the judgment of the trial court and to enter an order overruling the motion to vacate. Code Ann. §§ 81A-160 (h), 6-1804. *Gay v. Crockett,* 219 Ga. 248 (132 SE2d 673) (1963). Compare, *Summer-Minter v. Giordano,* 231 Ga. 601 (203 SE2d 173) (1974); and, *Ansley v. Atlanta Suburbia Estates,* 231 Ga. 640 (203 SE2d 861) (1974).

Direction is given that upon receipt of the remittitur by the trial court, a judgment be entered thereon overruling appellee's motion and reinstating the previous orders and fi. fas. set aside.

*Judgment reversed, with direction. All the Justices concur.*

SUBMITTED JANUARY 12, 1979 — DECIDED FEBRUARY 15, 1979 — REHEARING DENIED MARCH 6, 1979.

*Glenville Haldi, William H. Whaley,* for appellant.
*Smith, Egerton & Longabaugh, B. J. Smith, R. Bradley Egerton,* for appellee.