64247. SUPERIOR RIGGING & ERECTING COMPANY, INC. et al. v. KROFFT DEVELOPMENT CORPORATION.

QUILLIAN, Chief Judge.

Appellants Superior Rigging & Erecting Co., Inc. and Quo Modo, Inc. both brought actions on open accounts against appellee Krofft Development Corp. and obtained judgments against appellee. On appeal we reversed, holding that the trial court's findings for appellants were erroneous because there was no evidence to establish any contractual relationships between the parties. *Krofft Dev. Corp. v. Quo Modo, Inc.,* 158 Ga. App. 403 (280 SE2d 368). When remitted to the trial court, our judgment was made the judgment of the trial court. Appellants allege that entry of judgments for appellee was error because appellants were entitled to a new trial. *Held:*

Appellants claim that *Rawdin v. Conner,* 211 Ga. 52 (84 SE2d

50) requires a new trial because it was there held that where the Supreme Court reversed a termination of parental rights case with no express direction given to the lower court, a new trial was required. The case is inapposite, however, as a new trial was required to resolve factual issues remaining in the case.

In the instant case no factual issues remain to be resolved. Our ruling holding that the trial court's finding that there were contracts between appellants and appellee was erroneous, established as a matter of law that no such contracts existed.

"Rulings of the Court of Appeals are binding in all subsequent proceedings in the trial or appellate court. Code Ann. § 81A-160 (h)." *Bullock v. Grogan,* 141 Ga. App. 40 (1) (232 SE2d 605).

"If there were a finding of the facts, as by a verdict, and this finding were in favor of the plaintiff in error, and became fixed upon the record, and if the error was simply in applying the law to the *found and fixed* facts, then a reversal would leave something for the court below to fall back upon; the verdict or other record finding of the facts, would furnish a basis for entering up a correct judgment, without either direction to that effect from this court, or a new trial." *Schley v. Schofield & Son,* 61 Ga. 528, 530.

"Where a judgment in favor of one of two parties litigant is reversed by the appellate court without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial, not the rendition of a judgment without trial and as a matter of course. *Schley v. Schofield & Son,* 61 Ga. 528. . . . Where, on the other hand, only a question of law is involved, . . . the losing party forfeits his right to (further proceedings) after the judgment of the appellate court on the remittitur is made the judgment of the trial court, since the case is no longer pending." *Smith v. Smith,* 119 Ga. App. 619, 620-21 (168 SE2d 609).

Accordingly, the trial court did not err in entering judgment for appellee without new trial.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JULY 2, 1982.

*James L. Flemister,* for appellants.
*Jeffrey W. Kelley, Frank Love, Jr.,* for appellee.