## A02A0261. BANKHEAD v. THE STATE.
### (558 SE2d 407)

ELDRIDGE, Judge.

On May 21, 1992, a DeKalb County jury convicted Donald C. Bankhead of felony murder,[1] aggravated assault, kidnapping, and burglary. Pertinently, he was sentenced to ten years to serve on the kidnapping count. Thereafter, the superior court granted his motion for new trial, as amended, for the failure to conduct an evidentiary hearing under Uniform Superior Court Rule 31.3 (B) prior to the introduction of similar transactions evidence at trial. In August 1993, under the terms of his negotiated plea agreement, the defendant entered a guilty plea to voluntary manslaughter (reduced from felony murder),[2] aggravated assault, kidnapping, and burglary. He was then sentenced concurrently to 20 years to serve on each count. The defendant appeals from the superior court's order denying his pro se motion to vacate void judgment and motion for resentencing, as amended, variously contending that his sentence to twenty years confinement on the kidnapping count was illegal in that the superior court's sentencing authority thereon was limited to ten years confinement as originally imposed in the first trial. In a related claim of error, the defendant challenges the effectiveness of counsel upon the

---

[1] A mistrial resulted as to the malice murder count of the indictment.

[2] The malice murder count of the indictment was nolle prossed.

entry of his guilty plea, arguing (a) that counsel wrongly advised him that the maximum permissible punishment for kidnapping was twenty years confinement despite the ten-year sentence imposed thereon in his first trial, and (b) that counsel "induced" his plea by promising to represent him before the parole board and to have him released from prison within fifty-two months. Finding these claims of error to be without merit, we affirm.

1. Although it did so erroneously, characterizing defendant's motion as a motion to modify sentence, the superior court did not err in denying the defendant's motion to vacate void judgment and motion for resentencing, as amended. See, e.g., *Frederick v. State*, 226 Ga. App. 540, 542 (1) (487 SE2d 107) (1997) (" '[We affirm a] trial court's ruling . . . it if is right for any reason.' ").

> The grant of a new trial eliminates everything which is pending in the old trial. When a new trial is granted, the effect is to set aside all proceedings in the old trial. See *U. S. Fidelity &c. Co. v. Clarke*, 187 Ga. 774, 782 (2 SE2d 608) [(1939)]. "Where a new trial has been granted, the case stands ready for trial as if there had been no trial. The effect of the grant of a new trial by [an appellate] court is to require the case to be heard de novo unless specific direction be given in regard thereto. [OCGA § 5-5-48]; *Anderson v. Clark*, 70 Ga. 362 (2) [(1883)]." *Leventhal v. Baumgartner*, 209 Ga. 404 (73 SE2d 194) [(1952)].

*Reagan v. Reagan*, 221 Ga. 173, 174 (143 SE2d 736) (1965); see also *Burks v. United States*, 437 U. S. 1, 14-17 (98 SC 2141, 57 LE2d 1) (1978) (as a general rule, a post-conviction reversal or grant of a motion for new trial which is not based on insufficiency of the evidence does not preclude retrial).

In light of the foregoing, the defendant's sentence to ten years confinement on the kidnapping count in the first trial was rendered a nullity when the superior court granted him a new trial. It follows that such sentence was wholly ineffective as a limitation on the superior court's sentencing authority on the kidnapping count when the defendant later entered his plea of guilty thereon. As a sentence authorized by law, OCGA § 16-5-40 (b) (kidnapping punishable by ten to twenty years imprisonment), the complained-of sentence to twenty years confinement may not be deemed void for illegality. A sentence is void where the court has imposed punishment which the law does not allow. *Hill v. State*, 249 Ga. App. 776, 777 (1) (552 SE2d 430) (2001); *Battle v. State*, 235 Ga. App. 101, 102 (508 SE2d 467) (1998). Neither does the imposition of the maximum permissible sentence on the kidnapping count evidence any abuse of discretion as to

sentencing in that the superior court imposed its sentences concurrently upon defendant's guilty plea and gave the defendant credit for time served.

2. There also is no merit in the defendant's claim that his motion to vacate void judgment should have been granted on the basis of ineffective assistance of counsel. Initially, we note that defendant's claims of ineffectiveness are properly before this court in that the defendant, pro se, is for the first time appearing in this case on appeal. *Threlkeld v. State*, 250 Ga. App. 44, 45 (1) (550 SE2d 454) (2001). However, we find no deficiency in trial counsel insofar as he advised the defendant that upon acceptance of his guilty plea, the superior court could sentence him to 20 years in prison on the kidnapping count. See Division 1. Further, the defendant points to no evidence of record showing deficiency in trial counsel for making any promises inducing him to plead guilty. Quite to the contrary, the record reflects that upon the superior court's questioning to determine the providence of his guilty plea, the defendant denied any promises of leniency, threats, or coercion; denied having any questions concerning his plea; and agreed that he was pleading guilty knowingly, voluntarily, and intelligently upon consultation with counsel.

"To prove ineffectiveness of trial counsel, the defendant must show that his [or her] trial counsel's performance was deficient and that the deficient performance prejudiced him [or her]." *Powell v. State*, 271 Ga. 575, 576 (3) (522 SE2d 656) (1999). The defendant having failed to establish any deficiency in counsel, we conclude that trial counsel was not ineffective. Id.; see also *Reed v. State*, 246 Ga. App. 373, 375 (3) (540 SE2d 636) (2000) ("Where a claim of ineffectiveness is raised for the first time . . . on appeal, and such claim could not have been raised earlier, we . . . address the merits of the claim if we can do so as a matter of law based upon the existing record."). Further, even had the defendant established ineffectiveness in trial counsel, he has cited no authority for the proposition that a judgment on sentence might be voided on such basis as well as for illegality.

3. In light of our disposition of Divisions 1 and 2, we need not address the defendant's remaining claims of error.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 3, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 — ▮▮▮▮▮▮▮

Donald C. Bankhead, *pro se.*

*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.