S05A0555. WILSON v. WILSON.
(612 SE2d 797)

HUNSTEIN, Justice.

This marks the second appearance of this case in our Court. See *Wilson v. Wilson*, 277 Ga. 801 (596 SE2d 392) (2004). While that appeal from a Spalding County order was pending, appellant Brenda Wilson filed an action to modify custody in Fulton County, which was appellee E.D. Wilson's new county of residence, and appellee counterclaimed. Both parties discussed the effect of the pending appeal during their first appearance in Fulton Superior Court. The Fulton County trial court determined that the custody modification hearing could continue because appellant sought to reverse only financial elements of the initial judgment. Prior to any decision by the Fulton Superior Court on the motion to modify custody, however, we reversed the Spalding County judgment on the ground that the trial court committed reversible error in refusing to allow appellant's counsel to make a closing argument. Id. After the filing of the remittitur, Spalding County reinstated the divorce case.

Post-reversal, appellant filed a motion to dismiss the Fulton County action claiming that total reversal in the first appeal returned

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

jurisdiction to the Spalding Superior Court and left no final judgment for modification by the Fulton Superior Court. The Fulton Superior Court ruled that it retained jurisdiction to modify matters not specifically enumerated in the original appeal. Appellant thereafter filed an application for interlocutory appeal which we granted to determine whether the Fulton Superior Court erred in refusing to dismiss the modification petition after reversal of the final judgment of the Spalding Superior Court.

As a general rule, where there is a judgment of reversal but no express direction of this Court to the lower court, the case stands as reversed, and a new trial must be had on the issues therein raised. *Rawdin v. Conner*, 211 Ga. 52 (84 SE2d 50) (1954); *American Associated Cos. v. Vaughan*, 210 Ga. 141 (2) (78 SE2d 43) (1953); *Schley v. Schofield & Son*, 61 Ga. 528, 530 (1878). See OCGA § 5-5-49. In the absence of more specific direction by this Court, our reversal of the Spalding County judgment was the grant of a de novo trial on all issues contained within the judgment. Because in this case the trial court's refusal to allow closing argument denied appellant her rights as to all issues being tried before the Spalding Superior Court, the Spalding County judgment was vacated and it was error for the Fulton Superior Court to refuse to dismiss the modification action.

*Judgment reversed. All the Justices concur, except Fletcher, C. J., who concurs in the judgment only.*

### DECIDED MAY 9, 2005.

*Jan V. Hinson*, for appellant.
*J. Stephen Clifford, David A. Webster*, for appellee.