A06A1475. STRICKLAND & SMITH, INC. v. WILLIAMSON et al.
(637 SE2d 170)

RUFFIN, Chief Judge.

This is the second appearance of this case in this Court. In *Williamson v. Strickland & Smith, Inc.*, we reversed the trial court's award of damages to Strickland & Smith, Inc. ("S & S") against Billy Williamson, Williamson Produce, Inc., and Classic Vidalia, Inc. (collectively, "Williamson") for lost profits.[1] On remand, the trial court entered judgment in favor of Williamson on S & S's claim. S & S appeals, arguing that the trial court was required to conduct a new trial on this claim before it could enter a judgment. We agree and reverse.

S & S sued Williamson for damages it incurred when Williamson allegedly provided it with onions containing center rot.[2] After a bench trial, the trial court awarded S & S $78,450 in damages for lost profits. The trial court denied Williamson's motion for a new trial, and he appealed. In that appeal, we held that "S & S having failed to put up any evidence of its anticipated expenses, its proof of lost profits was insufficient as a matter of law, and the judgment in favor of S & S must be set aside."[3] The trial court subsequently entered a judgment denying S & S's claim because it "failed to put up any evidence

---

[1] 263 Ga. App. 431, 434-435 (2) (587 SE2d 876) (2003).
[2] Id.
[3] Id.

of its anticipated expenses, and therefore its proof of lost profits was insufficient as a matter of law."

S & S contends that, due to the procedural posture of the case, the trial court erred in entering a judgment in favor of Williamson without conducting a new trial. It argues that because Williamson did not move for a directed verdict or judgment notwithstanding the verdict (j.n.o.v.), but instead sought a new trial after the entry of judgment, the only post-judgment relief available to him was a new trial.

"As a general rule, where there is a judgment of reversal but no express direction of [the appellate court] to the lower court, the case stands as reversed, and a new trial must be had on the issues therein raised."[4] When an appellate court reverses a judgment, the effect " 'is to nullify the judgment below and place the parties in the same position in which they were before judgment.' "[5] Under these circumstances, where the only relief sought by Williamson was a new trial, we conclude that the trial court was required to conduct a new trial.[6]

We do not agree with Williamson that this holding gives S & S "a second bite at the apple," as Williamson chose not to move for a directed verdict.[7] If Williamson had moved for a directed verdict on the basis that S & S had not adequately proven damages, S & S could have sought to reopen its case and present additional proof, if it had any.[8] Because Williamson did not appeal the denial of a directed verdict or j.n.o.v., but rather the denial of a motion for new trial, the only remedy available to him is a new trial, at which S & S will have an opportunity to present additional or different evidence.[9]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

---

[4] *Wilson v. Wilson*, 279 Ga. 302, 303 (612 SE2d 797) (2005).

[5] *Franklyn Gesner Fine Paintings v. Ketcham*, 259 Ga. 3, 4 (6) (a) (375 SE2d 848) (1989).

[6] See OCGA § 5-5-48 ("When a new trial has been granted by the court, the case shall be placed on the docket for trial as though no trial had been had. . . ."); *Bankhead v. State*, 253 Ga. App. 214, 215 (1) (558 SE2d 407) (2001) ("The effect of the grant of a new trial by an appellate court is to require the case to be heard de novo unless specific direction be given in regard thereto.") (citation and punctuation omitted).

[7] OCGA § 9-11-50 (e) provides that
[w]here error is enumerated upon an order denying a motion for directed verdict and the appellate court determines that the motion was erroneously denied, it may direct that judgment be entered below in accordance with the motion or may order that a new trial be had, as the court may determine necessary to meet the ends of justice under the facts of the case.

[8] See *Thakkar v. St. Ives Country Club*, 250 Ga. App. 893, 895-896 (4) (553 SE2d 181) (2001).

[9] See OCGA § 5-5-48; *Bankhead*, supra; *Vitello v. Stott*, 222 Ga. App. 134, 136 (2) (473 SE2d 504) (1996) ("additional or different evidence may be presented at a new trial").

DECIDED OCTOBER 5, 2006.

*Smith & Jenkins, Wilson R. Smith, Glen A. Cheney*, for appellant.
*Malcolm F. Bryant, Jr.*, for appellees.