## S08F0810. KING v. KING.

(667 SE2d 30)

HUNSTEIN, Presiding Justice.

This appeal is from a final judgment and decree of divorce awarding primary physical custody of the parties' minor child to the father. Appellant Suvoneree King (Wife) and appellee James Lee King, Jr. (Husband) were married in August 1993, and their daughter was born in December 1996. In December 2004, Wife left the marital home in Acworth, taking the child with her to Macon; she filed for divorce in February 2005. Although the issue was not raised in the divorce petition, Wife filed reports with the Department of Family and Children Services (DFCS) in both Bibb and Paulding counties, alleging that Husband had sexually abused the child. At a temporary hearing in June 2005, the parties consented to joint legal custody, with Wife having primary physical custody; the parties also agreed that Husband would have visitation on alternating weekends, and that during these visits the child would spend the night with Husband's sister.[1]

After a hearing in December 2006, the trial court entered a temporary order giving Husband certain holiday visitation at the home of and supervised by Husband's parents. When Wife failed to comply with the terms of this order, Husband filed a motion for contempt. At a hearing in January 2007, Wife was found in contempt and incarcerated; she was released the next day. In its order, the trial court awarded sole temporary legal and physical custody to Husband, with the stipulation that Husband's mother live in his home and provide supervision. No visitation was granted to Wife or her family.

Following a three-day bench trial, the trial court entered its final judgment and decree on Wife's petition for divorce in February 2007. Finding that the sexual abuse allegations against Husband were without good cause,[2] the trial court awarded the parties joint legal custody, with Husband having primary physical custody and Wife having visitation. Wife's amended motion for new trial was denied in August 2007, and her application for discretionary review of the custody provisions of the final judgment and decree, as well as the January 2007 contempt order, was granted pursuant to this Court's

---

[1] This provision was modified in October 2006 to allow the child to spend these nights with Husband's parents rather than his sister.

[2] Although the trial court referred to the allegations as involving claims of child molestation, OCGA § 16-6-4 (a), rather than child sexual abuse, OCGA § 19-15-1 (11) (G), there is no indication in the record that a heightened burden of proof was applied in assessing this evidence.

Family Law Pilot Project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

> "In a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody. . . . Where in such a case the trial judge has exercised his discretion, this court will not interfere unless the evidence shows a clear abuse thereof. . . . In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the father. [Cit.]"

*Urquhart v. Urquhart*, 272 Ga. 548, 549-550 (1) (533 SE2d 80) (2000). Here, the final judgment expressly states that the trial court relied on the best interest of the child standard, OCGA § 19-9-3 (a) (2), in making its decision regarding custody and visitation. See *LaFont v. Rouviere*, 283 Ga. 60 (2) (656 SE2d 522) (2008). This decision was made after hearing testimony from not only the parties and various family members and neighbors, but also the guardian ad litem, a school official, the child's therapist, a forensic interviewer, an expert in criminal psychology, and a licensed psychologist appointed by the trial court to provide a psychological evaluation of Wife. The trial judge viewed two videotaped forensic interviews of the child conducted in response to the allegations of sexual abuse, and heard testimony from the child herself at the contempt hearing. Wife's claim that the change in custody was made merely to punish her for failing to comply with the holiday visitation order is not supported by the record.

Although the guardian ad litem recommended that Wife have physical custody with supervised visitation for Husband, "the recommendations of the [guardian ad litem] are not a substitute for the [trial] court's independent discretion and judgment." Uniform Superior Court Rule 24.9 (6). See also *Hammond v. Hammond*, 282 Ga. 456 (1) (651 SE2d 95) (2007); *Urquhart*, supra, 272 Ga. at 549 (1). A review of the record shows that the evidence of sexual abuse was inconclusive and that Wife's handling of the allegations has had a negative effect on the relationship between the child and her father. Although Husband works at night, he has assistance with the child's care and is able to provide for her needs. See *Hammond*, supra. Because there is evidence to support the conclusion that an award of

primary physical custody to Husband is in the best interest of the child, the trial court did not abuse its discretion and we are obliged to affirm its judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Nelson G. Turner*, for appellant.
*Daniel F. Byrne*, for appellee.