### S09F1609. SALMON-DAVIS v. DAVIS.
(689 SE2d 303)

HINES, Justice.

Novlett Angela Salmon-Davis ("Wife") appeals her final judgment and decree of divorce from Xavier Davis ("Husband").[1] She challenges the trial court's awards of child custody, child support, and fees to the guardian ad litem ("GAL"). For the reasons that follow, we affirm.

The parties were married in July 1997, and have three minor sons, twins, age 12, and a younger brother, age 10. The Wife is employed as a teacher, and the Husband is self-employed as an independent information technology consultant. The Wife filed the petition for divorce on February 7, 2006; the petition stated that she was entitled to sole physical custody of the three children, but that she was willing to share legal custody of them and for the Husband to have reasonable visitation. On March 21, 2006, the Husband filed an answer and counterclaim for divorce, in which he agreed to joint legal custody, with the Wife having primary physical custody of the children if the Wife was "willing to complete counseling and anger management therapy." Subsequently, the Husband filed motions for the appointment of a GAL and for a psychiatric evaluation of the Wife, asserting that the children had expressed the desire to live primarily with him and that he was the proper parent to have temporary and permanent legal and physical custody of the children. The Husband also filed an amended counterclaim for divorce in

---

[1] The Wife filed an application for discretionary appeal in this Court, which was granted automatically under this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

which he requested permanent primary physical custody. A GAL was appointed and filed his report to the court on June 6, 2008. The GAL recommended, inter alia, that the Husband have primary physical custody of the children. Following a three-day bench trial, at which the GAL testified, the trial court entered the final judgment and decree of divorce on August 18, 2008, awarding joint legal custody of the children to the parties with primary physical custody to the Husband. At that time, the Husband was living in Denver, Colorado[2] and the trial court ordered that the parties were to share equally the cost of transporting the children for their visitation, and that each party would be responsible for one-half of the $5,208 fee due the GAL.

1. Citing *Bodne v. Bodne*, 277 Ga. 445 (588 SE2d 728) (2003), the Wife contends that the trial court abused its discretion in adopting the GAL's report and recommendation that the Husband be granted primary physical custody of the minor children without considering the impact on the children of the Husband's out-of-state move. She complains that the GAL's recommendation was motivated more by punishing her for her lack of cooperation in his investigation than by the children's best interests and that rather than applying *Bodne* in making the custody determinations, the trial court awarded the Husband custody because of her refusal to work with the GAL, her alleged interference with the Husband's visitation, and her alleged failure to cooperate in the sale of the marital residence.

First, the Wife does not dispute the Husband's assertion in his brief that he no longer lives in Denver and resides permanently in Atlanta. See footnote 2, supra. Moreover, the Wife has represented that the children have continued to reside with her pending the appeal. Even if the Wife's complaints are considered viable, they are wholly unavailing. In *Bodne*, this Court stated:

> When exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test. This means that an initial custodial award will not always control after any "new and material change in circumstances that affects the child" is considered. . . . [T]he primary consideration of the trial court in deciding custody matters must be directed to the best interests of the child involved, that all other rights are secondary, and that any determination of the best interests of the child must be

---

[2] In his pro se brief filed in this appeal, the Husband asserts that he no longer lives in Denver and resides permanently in Atlanta.

made on a case-by-case basis. This analysis forbids the presumption that a relocating custodial parent will always lose custody and, conversely, forbids any presumption in favor of relocation.

*Id.* at 446. A review of the transcript of the bench trial and the trial court's determinations at the trial's conclusion belies the assertions that the trial court failed to consider the effects of relocation or the best interests of the children. In fact, the record demonstrates that consideration of the Husband's prior move in regard to the children's welfare and its pragmatic consequences were pivotal in the trial court's custody determinations and plan to implement visitation. Indeed, the trial court stated on the record that the question it then had to decide was what was in the best interests of the children from that point forward. No abuse of the trial court's discretion has been shown. *Haskell v. Haskell*, 286 Ga. 112 (686 SE2d 102) (2009).

2. The Wife next contends that the trial court abused its discretion in ordering her to pay one-half the cost of transportation for the children to travel back and forth to Denver when the father voluntarily moved out of state prior to trial and in not deducting this amount from the presumptive amount of child support she was to pay. By the Wife's own representation, the children have remained with her, and the issue of travel to Denver for visitation is not extant. In any event, the parties' gross monthly incomes were found to be approximately the same,[3] and inasmuch as the Husband was to be the primary physical custodian, there was no abuse of the trial court's discretion in ordering the parties to share equally the cost of transportation for visitation without deducting it from the Wife's ordered child support. See *Banciu v. Banciu*, 282 Ga. 616, 618-619 (2) (652 SE2d 552) (2007); *Hamlin v. Ramey*, 291 Ga. App. 222 (1) (661 SE2d 593) (2008).

3. Finally, there is no merit to the Wife's complaints that the trial court abused its discretion by awarding fees to the GAL with no application for fees, with no hearing and testimony as to whether the fees were reasonable and necessary as required by Uniform Superior Court Rule ("USCR") 24.9,[4] and then by ordering her to pay one-half of such fees.

By the express terms of USCR 24.9 (8) (g), a hearing may be

---

[3] The trial court found the gross monthly income of the Wife to be $5,497 and the gross monthly income of the Husband to be $5,417.

[4] USCR 24.9 (8) (g) provides:

It shall be within the Court's discretion to determine the amount of fees awarded to the GAL, and how payment of the fees shall be apportioned between the parties. The GAL's requests for fees shall be considered, upon application properly served upon the parties and after an opportunity to be heard, unless waived. In the event the

waived. Prior to his testimony at the bench trial, the GAL submitted a bill for services rendered up until the day prior to trial, and it was admitted into evidence as an exhibit without objection from the Wife. Nor was there then any request by the Wife for a hearing in the matter of the fee amount submitted or the question of any additional fees incurred. As to the Wife's complaint about the trial court's directive to equally split the obligation for payment of the fee, this arrangement was provided in the February 26, 2008, order appointing the GAL and was expressly consented to by the Wife.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Divida Gude*, for appellant.
Xavier Davis, *pro se*.

---

GAL determines that extensive travel outside of the circuit in which the GAL is appointed or other extraordinary expenditures are necessary, the GAL may petition the Court in advance for payment of such expenses by the parties.