*Edwards & Johnson, Verne J. Edwards*, for appellant.
*Kenneth W. Muhammad*, for appellee.

S11F1856. JOHNSON v. JOHNSON.

(721 SE2d 92)

BENHAM, Justice.

The marriage of appellant Roy Johnson ("Father") and appellee Ping Hu Johnson ("Mother") ended with the entry of a judgment and decree of divorce in December 2010. The issue before this Court is whether the judgment contains an improper self-executing modification that is contingent upon a determination to be made by a person other than a judge.

The judgment of divorce incorporated by reference a parenting plan and custody order that gave Mother primary physical custody of the parties' 12-year-old daughter, with Father awarded visitation that required supervision when the child spent the night in Father's custody. The parenting plan provided that the overnight visitation would be supervised by "a reasonable adult approved by [a therapist treating the child], until such time as [the therapist] determines that supervision is not necessary." The plan also stated that the therapist "shall have the authority to determine how supervised visitation should be phased out over time and when supervision may end." Father filed a motion for new trial in which he contended that the provisions concerning the termination of the supervised visitation constituted an improper self-executing modification contingent upon the determination of the therapist. The trial court denied the motion, finding that the self-executing provision was not a material change in custody and was in the child's best interests. Acting pursuant to this Court's Pilot Project, by which we granted all non-frivolous applications for discretionary review of a final judgment and decree of divorce, we granted Father's application for

discretionary review.[1]

Visitation rights are part of custody (OCGA § 19-9-22 (1)), and the provision at issue is a self-executing change of visitation since it allows for an automatic change in Father's visitation with his child, from supervised to unsupervised, based on a future event — the determination of the therapist — without any additional judicial scrutiny. See *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003). A self-executing change of custody/visitation is acceptable as long as it "pose[s] no conflict with our law's emphasis on the best interests of the child." Id. at 374. However, a self-executing change in custody/visitation that constitutes a material change, i.e., is one "that is allowable only upon a determination that it is in the best interests of the [child] at the time of the change" (*Dellinger v. Dellinger*, 278 Ga. 732, 734 (609 SE2d 331) (2004)), generally violates Georgia's public policy founded on the best interests of the child. A requirement that a parent's visitation be supervised is "a provision expressly meant for the [child's] best welfare" (*Sigal v. Sigal*, 289 Ga. 814, 817 (716 SE2d 206) (2011)), and

> [i]t is the trial court's responsibility to determine whether the evidence is such that a modification ... of custody/ visitation privileges is warranted, and the responsibility for making that decision cannot be delegated to another, no matter the degree of the delegatee's expertise or familiarity with the case. While the expert's opinion may serve as evidence supporting the trial court's decision to modify ... visitation, the decision must be made by the trial court, not the expert.

*Wrightson v. Wrightson*, 266 Ga. 493 (3) (467 SE2d 578) (1996).

Since the provision regarding the termination of supervision of Father's overnight visitation with his child is a material change in visitation that will occur automatically without judicial scrutiny into the child's best interests, it is an invalid self-executing change of visitation that should not have been included in the judgment and decree of divorce. Accordingly, we reverse that portion of the judgment and decree of divorce and remand the case to the trial court with direction that the self-executing provision of the judgment and decree of divorce be stricken.

---

[1] This application was granted on June 29, 2011. The Pilot Project expired on June 30, 2011, after being in use for eight-and-one-half years. Effective July 1, 2011, the Pilot Project was replaced by Supreme Court Rule 34 (4), by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Berk & Moss, Stephen J. Berk*, for appellant.
*Jean M. Kutner*, for appellee.