In the Supreme Court of Georgia

Decided: October 6, 2014

S14A0890. THE STATE v. JACKSON.

BENHAM, Justice.

This is the second appearance of this case before this Court. A jury convicted Marcus Jackson on murder and related charges, after which the trial court granted defendant's motion for new trial. This Court reversed, noting that the order granting new trial was entered solely on the ground of the legal insufficiency of the evidence, and not pursuant to OCGA § 5-5-21 with the trial court acting as the "thirteenth juror."[1] *State v. Jackson*, 294 Ga. 9 (748 SE2d 902) (2013). Jackson filed a motion for reconsideration in which he raised, as one of three grounds for reconsideration, the argument that the trial court's order should be vacated (not reversed) and the case remanded to allow the trial court to review the case under the thirteenth juror standard. This Court denied the motion for reconsideration and the remittitur was filed in the trial court

---

[1] Pursuant to OCGA § 5-5-21: "The presiding judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

November 12, 2013. Two days later, Jackson filed a "Motion for Ruling Pursuant to OCGA Sections 5-5-20 and 5-5-21," which was submitted to the predecessor trial judge, Fulton County Superior Court Judge Wendy L. Shoob. Apparently Judge Shoob-was no longer the assigned judge in the case.[2] Judge Gail S. Tusan, to whom the case appears to have been assigned at least by the time this Court's earlier judgment was remitted to the trial court, entered an order that the judgment of this Court be made the judgment of the trial court, and that order was filed on November 20, 2013. Nevertheless, Judge Shoob entered an order dated December 6, 2013, purporting to grant Jackson a new trial pursuant to OCGA §§ 5-5-20[3] and 5-5-21. The State filed this appeal. We reverse, finding that jurisdiction was lacking for the entry of the post-remittitur order purporting to grant a new trial.

The record reflects that Jackson's initial motion for new trial was amended

---

[2] Although the record does not contain an order reassigning the case, an order executed by the Fulton County Superior Court Magistrate dated October 14, 2013, setting a hearing date for Jackson's request for a bench warrant first appearance hearing, notes that Judge Tusan is the judge to whom the case is assigned. Further, it was Judge Tusan who entered the order dated November 18, 2013, making the judgment of the this Court the judgment of the trial court after this Court's remittitur order was filed in the trial court.

[3] Pursuant to OCGA § 5-5-20: "In any case when the verdict of a jury is found contrary to evidence and the principles of justice and equity, the judge presiding may grant a new trial before another jury."

2

to assert five grounds of legal error. On the day of the hearing, however, Jackson filed a second amended motion asserting as its sole ground the sufficiency of the evidence to support the verdict. At the hearing, Jackson confirmed his strategic choice to proceed solely on the claim of legal insufficiency of the evidence, with Jackson's trial counsel stating he had discussed the motion at length with Jackson and that he and his client were in agreement to go forward "only on [the] sufficiency argument raised in the second amended motion." Later in the hearing, counsel reiterated the express waiver and abandonment of all other grounds for rehearing. Upon reversing the order granting Jackson's motion for new trial, this Court entered an order remitting the case to the trial court and directing that the trial court judgment granting the motion for new trial be reversed.

Upon remittitur of an appellate court decision to the trial court, "[t]he decision and direction shall be respected and carried into full effect in good faith by the court below." OCGA § 5-6-10. That statutory requirement was honored by the trial court's November 20, 2013, order making the judgment of this Court the judgment of the trial court. By reversing the trial court's order granting new trial on the sole ground ultimately pursued by Jackson, this Court's previous

opinion effectively held that the trial court should have denied the motion for new trial. All pending issues were thereby resolved and no further disposition of the case by the trial court was authorized.[4] Upon remittitur, the disposition of Jackson's motion for new trial was final and this Court's order became the law of the case. See *Shepherd v. Shepherd*, 243 Ga. 253 (253 SE2d 696) (1979) (reversing the trial court's order that effectively reinstated its previous order which had been reversed by this Court in a previous appeal of the case; when the trial court's decision is reversed without direction, the judgment of the appellate court is final and the trial court has no authority to allow a party to amend a motion, the grant of which was reversed by the appellate court's previous ruling). Afterwards, the lower court had no jurisdiction to entertain a newly filed motion for new trial seeking to assert grounds that Jackson had affirmatively waived and abandoned.[5] "The only action which that court had

---

[4]  Because Jackson expressly waived and abandoned all other grounds for new trial that were initially raised in his motion, this is not a case in which the trial court ruled on only one, but not all, of the grounds asserted in the defendant's motion for new trial so that additional issues raised in the motion remained to be addressed upon reversal and remand of the case. Compare, e.g., *State v. James*, 292 Ga. 440, 442 (738 SE2d 601) (2013); *State v. Kelly*, 290 Ga. 29, 34-35 (3) (718 SE2d 232) (2011)

[5]  Further, assuming this case was officially reassigned to Judge Tusan, Judge Shoob lacked authority to rule on this motion. See Uniform Superior Court Rule 3.3; *Horn v. Shepherd*, 294 Ga. 468 (2) (b) (2014).

authority or power to take was to make the judgment of this [C]ourt the judgment of the trial court and to enter an order [denying the motion for new trial.]" Id. at 254. This is because the judgment of this Court in the earlier appeal "is conclusive of all matters in issue or that might legally have been put in issue." (Citation and punctuation omitted.) *Akins v. State*, 237 Ga. 826, 827 (229 SE2d 645) (1976).

It was too late, post-remittitur, for Jackson to secure a new trial on grounds that were not preserved in the motion that was the subject of the earlier appeal. Just as a criminal defendant may not attack his conviction piecemeal by filing successive appeals from the conviction (see *Grant v. State*, 159 Ga. App. 2, 3 (282 SE2d 668) (1981)), likewise, a defendant may not file successive motions for new trial on grounds not previously raised where, as here, the trial court's grant of his motion for new trial was reversed, thus making the conviction a final judgment. Jackson's "thirteenth juror" theory of relief was initially advanced in his motion for new trial, but relief on that claim would only have gained Jackson a new trial. It is apparent that Jackson made a strategic choice to waive all other grounds for new trial in favor of advancing only an assertion of legal sufficiency of the evidence because, if that gamble was

ultimately successful, his conviction would be reversed and he would not be subject to retrial. The trial court erred in granting a successive motion for new trial in this case.[6]

For an appellate court opinion to authorize further action by the trial court requires a clear direction, whether express or by necessary implication. See *Schley v. Schofield & Son*, 61 Ga. 528, 532 (1878). As there was no further

---

[6] The trial court, in support of its conclusion that this Court's reversal of its previous grant of new trial permitted it to consider Jackson's post-remittitur motion, quoted and relied upon the following language from *Strickland & Smith, Inc. v. Williamson*, 281 Ga. App. 784, 785 (637 SE2d 170) (2006): "When an appellate court reverses a judgment, the effect is to nullify the judgment below and place the parties in the same position in which they were before judgment." (Citation and punctuation omitted.) *Strickland & Smith* involved a civil case in which the trial court *denied* the defendant's motion for new trial on the issue of damages for lost profits, which ruling was reversed on appeal and the judgment in favor of the plaintiff was set aside. Id. On remand, the trial court entered judgment denying plaintiff's claim, and upon a second appeal of the case, this time by the plaintiff, the Court of Appeals again reversed and ruled that because the only relief sought by the defendant was a new trial, upon remand of the case after the first appeal, the posture of the case required the trial court to conduct a new trial.

Likewise, the trial court incorrectly relied upon and misapplied the following language from this Court's opinion in *Wilson v. Wilson*, 279 Ga. 302, 303 (612 SE2d 797) (2005): "As a general rule, where there is a reversal but no express direction of this Court to the lower court, the case stands as reversed, and a new trial must be had on the issues therein raised." In *Wilson*, a divorce case, this Court ruled that its previous opinion holding that the Superior Court of Spalding County committed reversible error in refusing to allow wife's counsel to make a closing argument required, by necessity, a retrial on all issues in the case. Therefore, in an action to modify custody filed in Fulton County Superior Court while the initial appeal was still pending, we reversed that trial court's refusal to dismiss the modification petition even after this Court reversed the final judgment of the Spalding County Superior Court. We held that, even in the absence of specific direction by this Court, the reversal of the Spalding County judgment required retrial on all issues, including the award of child custody. Moreover, we note that the original opinion reversing the Spalding County court's judgment in the divorce case flagged several issues that would need to be addressed on retrial, thus effectively directing retrial of the case. *Wilson v. Wilson*, 277 Ga. 801 (2), (3), and (4) (596 SE2d 392) (2004).

6

language in this Court's previous opinion directing the trial court to take further action in this case, it was authorized only to reverse its grant of Jackson's motion for new trial, thus leaving the conviction intact.

Judgment reversed. All the Justices concur.