**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 28, 2015**

# In the Court of Appeals of Georgia

A15A2319. EZUNU v. MOULTRIE.

ELLINGTON, Presiding Judge.

Ndoumbe Moultrie ("the mother") filed this action in the Superior Court of Fulton County against Ifeanyi Ezunu ("the father") for modification of custody of the parties' two minor children, U. M. E. and A. J. E. After a bench trial, the trial court awarded the mother sole legal and physical custody of the children. The judgment provided no visitation for the father, but provided that visitation would be phased in as deemed appropriate by the children's therapist. The father appeals, contending that the trial court erred in adopting the recommendations of the court-appointed guardian ad litem. In addition, the father contends that the visitation provisions of the judgment constitute a self-executing change of visitation which impermissibly abdicates the trial court's duty to determine the best interests of the children. For the reasons

explained below, we reverse in part and remand the case to the trial court with direction that the court strike the portion of the judgment that provides for changes in the father's visitation privileges without judicial scrutiny into the children's best interests.

The record shows the following. U. M. E. was born on August 29, 2002, and A. J. E. was born on December 26, 2004. The father filed a petition in the Superior Court of Muscogee County to legitimate the children, which was granted. In an order entered November 6, 2012, the Muscogee court awarded the parents joint legal custody, awarded physical custody to the father, and provided visitation for the mother.

In May 2013, the children reported to school personnel that the father had physically abused them. The children were placed in foster care. The mother filed the instant petition for modification of custody on July 9, 2013. On August 16, 2013, the trial court issued a temporary order, giving the mother sole legal and physical custody and ordering no visitation for the father, and issued a one-year family violence protective order. The trial court appointed a guardian ad litem to investigate and provide recommendations for the care and custody of the children going forward.

The trial court held a hearing on the mother's petition on August 20, 2014. The mother testified that the father had hit her and U. M. E. when they lived together and that, when she had the children for visitation, they regularly complained to her about being caned by the father and she saw bruises on them. At the hearing, the father admitted that corporal punishment, using a switch, had "always been part of [his] parenting," and he considered it to be appropriate.

Based on a year-long investigation, including conversations with the children, the guardian ad litem found that the children were very afraid of the father and feared that he would mistreat them as punishment for "telling on him." They wanted to stay with the mother and were reluctant even to begin having telephone visitation with the father. The guardian ad litem testified that, because of the protective order, she never had the opportunity during her investigation to observe the father interact with the children and consequently her report was not complete in that respect. The father's counsel made an oral motion for the court to suspend the trial to allow the guardian ad litem additional time to complete her investigation. The trial court denied the request.

The court awarded sole legal and physical custody of the children to the mother. The order provides:

There will be no visitation for the father, Mr. Ezunu, at this time based on the recommendations of the Guardian ad Litem and the children's therapist. Telephone calls between the children and Mr. Ezunu shall be supervised by the children's therapist. Visitation will be implemented with the assistance of the child's therapist, beginning with supervised visitation for up to four hours, when the therapist finds the children are ready for such visits. Visitation will then be increased as deemed appropriate by the children's therapist in order to ultimately achieve a standard visitation schedule for Mr. Ezunu of ever other weekend.

1. The father contends that, because the guardian ad litem's investigation was incomplete, the trial court erred in adopting the guardian's recommendations regarding visitation.

"A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest." (Punctuation and footnote omitted.) *Jackson v. Sanders*, - Ga. App. -, - (5) (773 SE2d 835) (2015). Although a trial court may consider the recommendations of a guardian ad litem,[1] such recommendations "are not a substitute for the [trial] court's independent discretion and judgment." (Citation and punctuation omitted.) *King v.*

[1] OCGA § 19-9-3 (a) (3) (O) (In determining the best interests of the child in any case in which custody or visitation is at issue between the parents, the judge may consider any relevant factor, including any "recommendation by a court appointed custody evaluator or guardian ad litem.").

4

*King*, 284 Ga. 364, 365 (667 SE2d 30) (2008). "[A] trial court's decision regarding a change in custody/visitation will be upheld on appeal unless it is shown that the court clearly abused its discretion. . . . And where there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion." *Jackson v. Sanders*, - Ga. App. at - (5).

A review of the trial transcript and the trial court's judgment show that the trial court was aware of the limitations in the thoroughness of the guardian ad litem's investigation and report. The record shows that the trial court considered other evidence regarding the father's relationship with the children, including evidence that the children had been traumatized by the unreasonable, excessive corporal punishment the father administered and were fearful of him. The trial court was particularly disturbed by the father's failure to understand the children's fear of him. Although the trial court decided to follow the guardian ad litem's recommendation, nothing in the record suggests that the trial court failed to exercise its own judgment regarding what was in the best interests of the children. Because there is evidence to support the trial court's ruling (with the exception of the provision addressed in Division 2, infra), the father has not shown any abuse of the trial court's discretion.

5

*Salmon-Davis v. Davis*, 286 Ga. 456, 458 (1) (689 SE2d 303) (2010); *King v. King*, 284 Ga. at 365; *Taylor v. Taylor*, 282 Ga. 113, 114 (2) (646 SE2d 238) (2007).

2. The father contends that the visitation provisions of the judgment constitute an impermissible self-executing change of visitation which abdicates the trial court's duty to determine the best interests of the children, citing *Johnson v. Johnson*, 290 Ga. 359 (721 SE2d 92) (2012), among other cases. In *Johnson*, the Supreme Court of Georgia considered a visitation order similar to the one at issue in this case that allowed for an automatic change in a father's visitation, from supervised to unsupervised visitation, based on a future event, specifically the determination of the therapist, "without any additional judicial scrutiny." Id. at 360. The Court explained that

> [a] self-executing change of custody/visitation is acceptable as long as it poses no conflict with our law's emphasis on the best interests of the child. However, a self-executing change in custody/visitation that constitutes a material change, i.e., is one that is allowable only upon a determination that it is in the best interests of the child at the time of the change, generally violates Georgia's public policy founded on the best interests of the child. A requirement that a parent's visitation be supervised is a provision expressly meant for the child's best welfare, and it is the trial court's responsibility to determine whether the evidence is such that a modification of custody/visitation privileges is

6

warranted, and the responsibility for making that decision cannot be delegated to another, no matter the degree of the delegatee's expertise or familiarity with the case. While the expert's opinion may serve as evidence supporting the trial court's decision to modify visitation, the decision must be made by the trial court, not the expert.

(Citations and punctuation omitted.) Id.[2]

We agree with the father that the visitation provision in this case would allow material changes in visitation, from no visitation to limited supervised visitation to nonsupervised overnight visitation, to occur without any judicial consideration of the children's best interests. Id. As such, it is an invalid self-executing change of visitation that impermissibly delegates to the children's therapist the determination if and when future modifications of the father's visitation privileges are warranted. Id. As in *Johnson*, the self-executing change of visitation provision should not have been included in the judgment. It does not follow, however, that the entire judgment must be reversed and the case remanded for a rehearing. As in *Johnson*, we reverse the judgment in part only and remand the case to the trial court with direction that the

___

[2] See also *Rumley-Miawama v. Miawama*, 284 Ga. 811, 814 (2) (671 SE2d 827) (2009) (accord); *Dellinger v. Dellinger*, 278 Ga. 732, 735 (1) (609 SE2d 331) (2004) (accord); *Scott v. Scott*, 276 Ga. 372, 377 (578 SE2d 876) (2003) (accord); *Bankston v. Warbington*, 332 Ga. App. 29, 35 (2) (771 SE2d 726) (2015) (accord).

self-executing change of visitation provision of the judgment be stricken. Id. See also *Rumley-Miawama v. Miawama*, 284 Ga. 811, 814 (2) (671 SE2d 827) (2009); *Dellinger v. Dellinger*, 278 Ga. 732, 735 (1) (609 SE2d 331) (2004); *Scott v. Scott*, 276 Ga. 372, 377 (578 SE2d 876) (2003). The judgment is otherwise affirmed. Any future change in the father's visitation privileges (from no visitation as currently ordered) will be subject to judicial scrutiny into the children's best interests as provided by law.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Dillard and McFadden, JJ., concur.*