**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 15, 2026

# In the Court of Appeals of Georgia

A26A0347. HETHER v. CAMPBELL.

FULLER, Senior Judge.

This is the second appearance of this child custody dispute before this Court. In *Hether v. Campbell*, 374 Ga. App. 320 (912 SE2d 349) (2025) ("*Hether I*"), we reversed two portions of the trial court's initial modification order, concluding that the court had no authority to grant educational decision-making authority to the father or to impose a self-executing custody provision because the court expressly found that no material change of circumstances had occurred. Id. at 323(1) & 325(2). Following remittitur, the trial court held a new trial and awarded primary physical custody to the father, Justin Tyler Campbell. The mother, Margaret Hether, appeals, asserting that the trial court lacked authority to hold a new trial and enter a second modification

order. For the reasons that follow, we agree, and we therefore reverse in part, vacate in part, and remand with direction.

The procedural history and facts necessary to resolve this appeal are undisputed. The parties, who were never married, share one minor child. In 2018, a Tennessee court entered an initial custody order granting the mother primary physical custody and sole educational decision-making authority. In 2020, the Tennessee court entered an order allowing the mother to relocate with the child to Georgia, leaving the mother with decision-making authority but requiring her to consult with the father on any significant welfare decisions affecting the child, and providing that all unaffected provisions of the original custody plan remained in effect.

The mother subsequently moved to Georgia and married. In 2023, she notified the father of her intent to relocate to Utah, where her husband had obtained employment. In response, the father filed a petition in Catoosa County Superior Court seeking domestication and enforcement of the Tennessee decree, modification of visitation and child support, and requesting, inter alia, that the mother be prohibited from relocating to Utah.

On May 16, 2024, following a trial, the trial court entered an order expressly finding that "the fact that the [mother] is moving to Utah is not enough for the court to find that there has been a material change in circumstances." Despite this finding, the court awarded the father primary educational decision-making authority and instituted a self-executing provision that automatically vested primary custody in the father if the mother moved to Utah. The court also domesticated the Tennessee judgment. The mother appealed those decision-making and custody modifications to this Court. In *Hether I*, we reversed those modifications, explaining that the trial court was unauthorized to make them in light of its determination that no material change in circumstances had occurred. See 374 Ga. App. at 323(1) & 325(2). See also *Odum v. Russell*, 342 Ga. App. 390, 393(1) (802 SE2d 829) (2017) (explaining that a custody or decision-making change is not authorized where the trial court expressly finds there has been no material change in circumstances).

Our remittitur in *Hether I* issued in February 2025. No substantive activity occurred in the case until two months later, when the father's attorney filed a "Notice of Hearing" purporting to schedule the case for a "final hearing." The trial court then issued a rule nisi for the mother to "show cause . . . why the [father]'s prayers and all

3

other issues should not be granted in a trial on this matter," without specifying which issues were left to be decided. In response, the mother moved to close the case, arguing that our reversal in *Hether I* left no remaining issues to address.

The trial court heard argument on the mother's motion, and ultimately concluded that our judgment of reversal without direction in *Hether I* necessitated further proceedings. The court subsequently held a new trial, during which the father was allowed to present further evidence regarding the modification he sought, including testimony about events occurring after the May 2024 order. On July 18, 2025, the trial court entered an order finding a material change of circumstances based on the mother's move to Utah, concluding that it was not in the child's best interest to move, and designating the father as the child's primary legal and physical custodian with final decision-making authority. The court once again domesticated the Tennessee judgment. This appeal followed.[1]

In two related claims of error, the mother contends that the trial court erred by conducting a new trial and issuing the second modification order because our decision in *Hether I* conclusively resolved all issues of controversy in the case. We agree.

---

[1] On July 22, 2025, we granted the mother's emergency motion for supersedeas and stayed the July 18, 2025 order pending the resolution of this appeal.

After remittitur of an appellate court decision, "[t]he decision and direction shall be respected and carried into full effect in good faith by the court below." OCGA § 5-6-10. Thus, "[t]he trial court is required to enter an appropriate disposition that reconciles with the [appellate court's] ruling." *Sponsler v. Sponsler*, 353 Ga. App. 627, 632(3) (838 SE2d 921) (2020). In doing so, a trial court must construe the appellate court's rulings "according to their substance and function and not merely by nomenclature." *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 284 Ga. App. 387, 391(1) (643 SE2d 864) (2007) (quotation marks omitted).

> The goal is to give full effect to the totality of the opinion rendered rather than to read words in a vacuum. As such, the words "reversal" and "vacated" should not be treated as magic words that can be read in isolation, separate and apart from the underlying substantive language and reasoning of the various appellate opinions issued in the case.

Id. (citation modified).

"For an appellate court opinion to authorize further action by the trial court requires a clear direction, whether express or by necessary implication." *State v. Jackson*, 295 Ga. 825, 828 (764 SE2d 395) (2014). As a general rule, "[w]here a judgment in favor of one of two parties litigant is reversed by the appellate court

without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial." *Superior Rigging & Erecting Co., Inc. v. Krofft Dev. Corp.*, 162 Ga. App. 810, 811 (293 SE2d 72) (1982) (quotation marks omitted). However,

> [f]ollowing a reversal without specific direction by the appellate courts where only a question of law is involved, a new trial is not required. Further, the whole judgment will not be set aside because of error as to a part thereof, where it can be determined from the record how much is erroneous.

*St. Paul Fire & Marine Ins. Co. v. Clark*, 255 Ga. App. 14, 23(4) (566 SE2d 2) (2002) (citation modified). Under such circumstances, the

> judgment of the appellate court is final. Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to allow the movant to amend his motion. Nor can it hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of [the appellate court].

*Shepherd v. Shepherd*, 243 Ga. 253, 254 (253 SE2d 696) (1979). The trial court's only authority or power is to make the appellate court's judgment its own. See id.

Applying these principles here, we hold that our rulings in *Hether I* did not warrant a new trial or new findings of fact. The trial court's original finding that no material change in circumstances had occurred was unappealed and thus remains binding on the parties. See *Maxwell v. Johnson*, 365 Ga. App. 547, 549(1) (879 SE2d 642) (2022) (explaining that a trial court's prior, unappealed determination that no material change of circumstances had occurred up to a certain date had a preclusive effect on subsequent modification proceedings). Because this factual foundation was settled, no questions of fact remained to be resolved, and a new trial was not required. See *Clark*, 255 Ga. App. at 23(4). Regarding decision-making, we held that without a finding of a material change in circumstances, the trial court was "not authorized to modify which parent had primary decision[-]making authority over [the child's] education" and "reverse[d] the trial court's judgment *in this respect*." *Hether I*, 374 Ga. App. at 323(1) (emphasis added). Thus, the plain language of that holding limited the reversal to that specific modification, and it does not follow that the entire judgment had to be reversed. See *Hedquist*, 284 Ga. App. at 391–92(1) (explaining that the word "reversal" in an appellate decision did not nullify the decision being reviewed in its entirety because the appellate decision's holding included language

7

limiting the "reversal" to specific aspects of the decision being reviewed). In an additional holding, we also reversed the self-executing provision "[b]ecause the trial court explicitly found that [the mother]'s move to Utah was not a material change in circumstances" and, on that basis, we ruled that the court "was without authority to vest [the father] with primary physical custody in the event [the mother] indeed relocated to Utah." *Hether I*, 374 Ga. App. at 325(2). As we have previously explained, the reversal of an invalid self-executing provision is to be stricken by the trial court, and, absent additional rulings on appeal, the lower court's judgment is otherwise affirmed. See *Ezunu v. Moultrie*, 334 Ga. App. 270, 273(2) (779 SE2d 44) (2015). "It does not follow . . . that the entire judgment must be reversed and the case remanded for a hearing." Id. See also *Dellinger v. Dellinger*, 278 Ga. 732, 736(1) (609 SE2d 331) (2004) (reversing case with direction that the trial court strike the self-executing provision); *Johnson v. Johnson*, 290 Ga. 359, 360 (721 SE2d 92) (2012) (reversing that "portion of the judgment" containing the invalid self-executing provision and remanding with direction that the provision "be stricken"). Accordingly, our reversal of the self-executing provision authorized the trial court to strike that provision. See *Ezunu*, 334 Ga. App. at 273(2). See also *Graham v. Graham*, 376 Ga. App. 883, 890(3)

8

(921 SE2d 440) (2025) (reversing invalid self-executing provision in the final judgment and remanding the case for modification of that provision).

For these reasons, the court had no authority to hold a new trial or modify decision-making authority or custody in a manner inconsistent with *Hether I*. It was authorized only to strike the reversed provisions and make the judgment of this Court its own, leaving the original, unreversed portions of the custody arrangement intact. See *Shepherd*, 243 Ga. at 254–55. See also *Clark*, 255 Ga. App. at 26 (concluding that portions of the original trial court judgment that had not been reversed by the appellate court remained in effect). Accordingly, the decision-making and custody rulings in the second modification order are reversed, and upon remittitur, the trial

court is directed to enter judgment in accordance with the holdings in *Hether I*.[2] See

*Long v. Long*, 307 Ga. App. 790, 791 (706 SE2d 152) (2011).[3]

---

[2] This result is not altered by *Wilson v. Wilson*, 279 Ga. 302 (612 SE2d 797) (2005), on which the trial court relied in reaching the opposite conclusion. While *Wilson* recognizes the "general rule" that reversal without express direction requires a new trial, the reversal in that case was necessitated by a procedural error — denial of the right to closing argument — which "denied [the] appellant her rights as to all issues being tried." Id. at 303. Here, no such defect exists. The parties fully litigated the facts, and the trial court determined that no material change of circumstances has occurred on the existing record. Similarly, the father's reliance on *Strickland & Smith, Inc. v. Williamson*, 281 Ga. App. 784 (637 SE2d 170) (2006), is also misplaced. That appeal was taken from the denial of a motion for a new trial — the only relief sought by the appellee — making a new trial the only available remedy. See id. at 785. In contrast, the mother here appealed from a final judgment on the merits, challenging only the trial court's unauthorized legal conclusions. Where, as here, an appellate court reverses a final judgment because the trial court misapplied the law to a complete factual record, the losing party is not entitled to a second chance to meet a previously-failed burden of proof. See *Shepherd*, 243 Ga. at 254; *Superior Rigging*, 162 Ga. App. at 811 (holding that where "only a question of law is involved, the losing party forfeits his right to further proceedings after the judgment of the appellate court on the remittitur is made the judgment of the trial court, since the case is no longer pending" (citation modified)).

[3] We recognize that the judgment lines for most of the authority supporting this conclusion reversed the judgment "in part" and/or remanded the case with direction, while our prior decision in this case merely stated "Judgment reversed." Compare *Dellinger*, 278 Ga. at 736 (reversing with direction); *Johnson*, 290 Ga. at 361 (affirming in part, reversing in part, and remanding with direction); *Ezunu*, 334 Ga. App. at 274 (affirming in part, reversing in part and remanding with direction); and *Graham*, 376 Ga. App. at 892 (reversing in part, vacating in part, and remanding with direction), with *Hether I*, 374 Ga. App. at 325 (reversing without direction). We acknowledge that it may have been better practice in *Hether I* to explicitly affirm in part, reverse in part,

Additionally, we note that the second modification order also grants the father's petition for domestication, although the court previously granted the petition in the May 2024 order, and that ruling was unaffected by *Hether I*. The second grant of a domestication petition is void ab initio. See *Noaha, LLC v. Vista Antiques & Persian Rugs, Inc.*, 306 Ga. App. 323, 325(1) (702 SE2d 660) (2010) (explaining that a court is not authorized to enter a second or duplicate judgment); *Arrowhead Alternator, Inc. v. CIT Communications Fin. Corp.*, 268 Ga. App. 464, 465 (602 SE2d 231) (2004) ("Where a second judgment is entered by a court after the first judgment has become

---

and remand with specific direction. However, that is what we ultimately did in effect and substance. As noted above, our reversal was limited to the modifications regarding primary educational decision-making and the self-executing custody provision. See *Hether I*, 374 Ga. App. at 323(1), 325(2). Despite the judgment line, these rulings must be construed by their substance and function, not nomenclature, with the goal of giving full effect to the "totality of the opinion rendered" rather than reading words "in a vacuum." *Hedquist*, 284 Ga. App. at 391(1) (quotation marks omitted).

final the second judgment is void." (quotation marks omitted)). Accordingly, that portion of the second modification order is hereby vacated.[4]

*Judgment reversed in part and vacated in part, and case remanded with direction.*

*Doyle, P. J., and Davis, J., concur.*

---

[4] Nothing in this opinion should be read to preclude the father from filing a new modification petition based on events subsequent to the trial court's first ruling — specifically, new facts arising after the trial court's May 16, 2024 order in which it found that no material change in circumstances had occurred. While the father cannot relitigate whether a material change occurred prior to that unappealed ruling, evidence of circumstances spanning from the last valid custody award in 2020 to the May 2024 denial may still be considered to provide context for any new claims. See *Allen v. McGuire*, 339 Ga. App. 219, 223–24(2) (2016); *Woodruff v. Choate*, 334 Ga. App. 574, 580(2)(b) (2015). We express no opinion on whether the mother's actual move to Utah, or any alleged subsequent interference with the father's visitation, might constitute a material change in circumstances that would support a new request to modify custody.